In re Glenn Lee BAKKEN, Debtor.

Donna Pauline SHERRIN, formerly Donna Pauline Bakken, Plaintiff,

v.

Glenn Lee BAKKEN, Defendant.

Bankruptcy No. 89–02745–C.
Adv. No. 89–0301–C.

United States Bankruptcy Court,
N.D. Oklahoma.

March 13, 1990.

Ralph P. Stainer, Tulsa, Okl., for plaintiff.

Michael J. Beard, Tulsa, Okl., for defendant.

## MEMORANDUM ORDER AND OPINION

STEPHEN J. COVEY, Bankruptcy Judge.

This matter comes on before the Court on the stipulations of the parties following a pre-trial conference conducted on December 12, 1989. After reviewing the undisputed facts and the arguments and authorities of counsel, the Court finds as follows.

Plaintiff, the former spouse of the Debtor, filed a complaint under 11 U.S.C. § 523(a)(5) objecting to the discharge of a debt for medical services incurred by her on behalf of one of Debtor's minor children. Debtor answered asserting that the Plaintiff had no standing to object to the dischargeability of the debt because she was not the real party in interest and further that the debt was barred by the statute of limitations. Debtor did not deny that the debt for medical services on behalf of his minor child was other than in the nature of maintenance or support under 11 U.S.C. § 523(a)(5).

The Court finds that Plaintiff and Debtor were divorced on August 31, 1982, in the District Court of Tulsa County, Oklahoma. The Decree of Divorce reflects that Debtor did not appear at the divorce hearing because he had approved the terms of the Decree of Divorce as shown by his signa-

ture thereon. Pursuant to the Decree of Divorce, Debtor agreed and was ordered to pay "... all medical and dental bills incurred on behalf of the children." The Decree of Divorce reflects that Debtor had three minor children—Kaland, Brandi, and Kendra.

The Court further finds that, following the entry of the Decree of Divorce, Plaintiff incurred medical expenses at Hillcrest Medical Center ("Hillcrest") on behalf of one of Debtor's minor children, Kaland.[1] On November 9, 1988, Hillcrest obtained a judgment against Debtor and Plaintiff for the amount owing for the medical services provided. On September 13, 1989, Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

■ The Court finds that Plaintiff has standing to sue under 11 U.S.C. § 523(a)(5).[2] The debt for medical expenses is a debt to Plaintiff within the meaning of 11 U.S.C. § 523(a)(5). The Court finds that the Decree of Divorce memorializes a third party beneficiary contract. Under such contract, Debtor agreed to pay his children's medical expenses. The third party beneficiaries of such contract were not only the children themselves, but also Plaintiff who was directly liable for any medical expense debts.[3] Under the third party beneficiary contract, Plaintiff has a direct right of action against Debtor for the medical expenses debt so that the debt can be considered to be to a former spouse under 11 U.S.C. § 525(a)(5). *Pauley v. Spong*, 661 F.2d 6, 10–11 (2d Cir.1981); *Howe v. Scannell*, 60 B.R. 562, 566 (Bankr.W.D.Wis.1986); *Wadleigh v. Wadleigh*, 68 B.R. 499, 501 (Bankr.D.Vt. 1986); and *Knight v. Knight*, 29 B.R. 748, 751 (W.D.N.C.1983). Since the debt is to a former spouse within the meaning of 11 U.S.C. § 523(a)(5) and it is admitted that

the Debtor's obligation to pay the debt is in the nature of maintenance or support under that section, the debt is excepted from discharge.

■ Finally, the Court finds that the Plaintiff's debt for medical expenses is not barred by the statute of limitations. The Court notes that the statute of limitations is an affirmative defense which the Debtor has the burden of proving. FED.R.CIV.P. 8(c); *In re Sanders*, 28 B.R. 685, 687 (Bankr.W.D.Ky.1983), regarding burden of proving affirmative defense of novation. The Debtor has submitted no evidence or authority to the Court indicating that the medical expense debt is barred by the statute of limitations and, therefore, has failed to meet his burden of proof on this issue.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Plaintiff's Complaint be granted and that the debt to Plaintiff for the medical expenses of Debtor's minor child be excepted from discharge under 11 U.S.C. § 523(a)(5).

---

1. The Statement of Facts submitted by the parties does not reflect the date or dates that the medical expenses were incurred.

2. 11 U.S.C. § 525(a)(5) reads in pertinent part as follows:
   (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ...

3. In the alternative, the Court would allow Plaintiff to amend her Complaint to seek relief under 11 U.S.C. § 525(a)(5) on behalf of her children as their guardian.