In re Daniel Robert SCHURMAN, Debtor.

Peggy Lynn SCHURMAN, Plaintiff,

v.

Daniel Robert SCHURMAN, Defendant.

Bankruptcy No. 90–42020–2.
Adv. No. 90–4181–2.

United States Bankruptcy Court,
W.D. Missouri.

Jan. 14, 1991.

David E. Elliott, Lee's Summit, Mo., for plaintiff.

Mary Ann Drape, Kansas City, Mo., for defendant.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Daniel Robert Schurman, hereinafter debtor, filed a petition for relief under Chapter 7. In that proceeding he listed some medical bills and some credit card and personal loan obligations that he had been ordered to pay in a recent decree of dissolution. Also he listed an obligation of $2,500.00 to David E. Elliott, Attorney at Law, for attorney fees from the dissolution. Mr. Elliott represented the ex-wife in the dissolution. However, the evidence indicated that said award of fees was to his former wife, the plaintiff in this adversary proceeding. The question posed is whether the previously mentioned obligations and the attorney fees are in lieu of maintenance in gross or not. If they are, then they are nondischargeable, but if they are awarded for any reason other than as an in lieu award, they are dischargeable.

As always, the issue is a federal question even though it involves state law. *In re Williams,* 703 F.2d 1055 (8th Cir. 1983). Likewise, whatever label may be placed on the debt by the state court is not controlling because 11 U.S.C. § 523(a)(5)(B) requires that the debt actually be in the nature of alimony, maintenance or support. The 3rd Circuit in a recent opinion has

suggested three relatively simple tests that should be used in making the determination. Those are:

FIRST: The court must examine the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary.

SECOND: The financial circumstances of the parties at the time of the award.

THIRD: The function served by the obligation at the time of the divorce or award.

See *In re Gianakas*, 917 F.2d 759 (3rd Cir.1990).

Applying these considerations to the present case, the Court finds that the award was not "in the nature of alimony, maintenance or support". From the limited evidence available to this Court, it appears that Judge Gant was requested to award $15,000.00 maintenance in gross which he declined to do. What is interesting is that the proposed decree (incorporating that provision) still provided for debtor to pay these bills and attorney fees and that the two provisions were not linked to the proposed maintenance in gross. Judge Gant seemingly intended not to award alimony or maintenance in gross. So much for the first element.

As to the second, there was no real evidence before this Court as to the financial condition of the parties at the time of the dissolution. Judge Gant ordered child support of $650.00 per month and temporary maintenance of $200.00 per month which the Court concludes had to take into account the then financial condition of the parties.

Moving on to the third test, it appears that most of the debts were those of debtor alone. No creditor has even called or written plaintiff and it appears she has no liability for any of these obligations. From the evidence before the Court, it has no affect on the ex-spouses well being whether the debts are paid or not. Thus, it is difficult to equate these bills or the attorney fees with "an obligation that serves to maintain daily necessities such as food, housing and transportation" so as to be in the nature of support. *In re Yeates*, 807 F.2d 874 (10th Cir.1986).

In view thereof this Court finds that the awards to plaintiff were not in the nature of alimony, maintenance or support, and therefore concludes that all such items are DISCHARGEABLE in debtor's Chapter 7.

The foregoing constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.