In re Marilyn Louise GORGEN, a/k/a
Marilyn L. Gorgen, Debtor.

Robert D. GORGEN, Plaintiff,

v.

Marilyn Louise GORGEN, Defendant.

Bankruptcy No. 90–5973–8P7.
Adv. No. 90–535.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 2, 1991.

Sean O. Cadigan, Clearwater, Fla., for Robert D. Gorgen.

Daniel J. Herman, Largo, Fla., for Marilyn Louise Gorgen.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the matter under consideration is a Motion for Summary Judgment filed by Marilyn Louise Gorgen (Debtor) in the above-styled adversary proceeding. The adversary proceeding involves a three-count Amended Complaint filed by Robert B. Gorgen, the Debtor's former husband. The claim set forth in Count I is based on § 523(a)(5) of the Bankruptcy Code and is based on the contention that certain obligations imposed on the Debtor by a circuit court which dissolved their marriage are obligations in the nature of alimony and support, thus, nondischargeable. The claim in Count II of the complaint is based on § 727(a)(4) and alleges that the Debtor failed to schedule two pieces of real property owned by her; therefore, she committed false oath in bankruptcy which, in turn, would deny her the right to a general bankruptcy discharge. The claim in Count III is also based on § 727(a)(4) and is based on the allegation that the Debtor failed to disclose income she is receiving from certain rental property on her Schedule of Current Income and Expenses and thus again, she committed false oath in bankruptcy and, therefore, her general discharge in bankruptcy should be denied. The immediate matter under consideration is a Motion for

Summary Judgment filed by the Debtor, which addresses all three claims and is based on the Debtor's contention that there are no genuine issues of material fact and that she is entitled to a ruling in her favor on all three claims as a matter of law.

It is well established that when there are no genuine issues of fact and when one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56, as adopted by Bankruptcy Rule 7056. In considering a Motion for Summary Judgment, it is appropriate to consider the pleadings, any depositions, answers to interrogatories and admissions on file, together with any affidavit submitted. Fed.R.Civ.P. 56(c), as adopted by Bankruptcy Rule 7056(c). Summary judgment is inappropriate when the intent of a party is in issue, because intent cannot be resolved without observing the witness's demeanor in order to determine the witness's credibility. Fed.R.Civ.P. 56, 1963 Amendment Notes.

The facts relevant to the resolution of the issues as appear from the record which are indeed without dispute can basically be summarized as follows:

The Plaintiff and the Debtor were married on April 6, 1973, in Clearwater, Florida. At the time relevant, the Defendant's annual earnings exceeded $100,000, while the Plaintiff's annual earnings were $30,000. There are two minor children from this marriage. After marital problems developed, the parties entered into a Separation Agreement, and later they obtained a dissolution of their marriage. (Plaintiff's Exh. No. 1). The Separation Agreement provided under Article II, titled "Alimony", that the Wife would pay $200 monthly "as alimony until such time as the former marital home is sold, commencing from the date of the signing of this Agreement, or Husband's death or remarriage, whichever is first." The Agreement also provided that the minor children would have their primary physical residence with the Plaintiff, and that the Debtor would pay to the Plaintiff $200 per month per child as child support. The Agreement further provided that the marital home was to be sold, and after all mortgages and encumbrances were paid, the Plaintiff was to receive the next $25,000 in proceeds, and the Debtor was to receive $15,000 out of the sale proceeds, and the remaining proceeds would be equally distributed.

Section 523(a)(5) provides as follows:

**§ 523.  Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(1), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that.....

■ The plain reading of the portion of the Separation Agreement regarding the Debtors' obligation to pay $200 per month per child to the Plaintiff leaves no doubt that this payment is clearly child support and thus nondischargeable. Additionally, this Court is equally satisfied that the $200 monthly payment due and owing from the Debtor to the Plaintiff until the marital home is sold, or he dies or is remarried can also be characterized in the nature of support, as opposed to a property settlement. *See In re Miller*, 8 B.R. 174, 176 (Bankr.N. D.Ohio 1981); *In re White*, 84 B.R. 818, 821–22 (Bankr.M.D.Fla.1988); *In re Bell*, 47 B.R. 284 (Bankr.E.D.N.Y.1985).

As noted earlier, during the marriage the Debtor earned more than $100,000 per year while the Plaintiff earned only $30,000 and he was awarded primary custody of the children and the residence formerly owned by the Plaintiff and the Debtor. The money awarded to the Debtor under the divorce decree will terminate upon remarriage or death or when the marital property is sold. The home involved is an expensive home, having a value of in excess of $250,000, and clearly, the Debtor's financial condition warrants an award in light of the fact that he was awarded primary custody of the two children. For this reason, this Court is satisfied that the monetary award granted

in favor of the Plaintiff was, in fact, in the nature of support and not property settlement and thus would be excepted from the overall protective provisions of the bankruptcy discharge by virtue of § 523(a)(5) of the Bankruptcy Code.

█ This leaves for consideration the claims set forth in Count II and III of the Complaint. The claim in Count II is based on § 727(a)(4)(A) of the Bankruptcy Code which provides as follows:

§ 727. **Discharge**

(a) The court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account....

It is without dispute that the Debtor did own the two parcels of real property and in spite of this, the Debtor failed to disclose her ownership on her Schedule of Assets. In her defense, the Debtor states in her Affidavit that the omission from the Schedules was not intentional, and when she became aware of the omission, she promptly amended her Schedules. It is well established that curing an intentional omission from schedules is unacceptable as a defense to a claim under § 727(a)(4)(A) of the Bankruptcy Code. An amendment "does not expunge the falsity of an oath." *In re Cline*, 48 B.R. 581, 584 (Bankr.E.D.Tenn. 1985); *See also, In re Graham*, 111 B.R. 801, 806 (Bankr.E.D.Ark.1990); *In re Montgomery*, 86 B.R. 948, 957 (Bankr.N.D. Ind.1988). It is equally clear, however, that when intent is a crucial factor, summary judgment is inappropriate.

Next, the Debtor owns a condominium in Dunedin, Florida, which she rented out for two years prior to filing her Petition for Relief under Chapter 7 of the Bankruptcy Code. In Count III of the Complaint, the Plaintiff seeks to have the Debtor's discharge denied pursuant to § 727(a)(4) because of the Debtor's failure to include the rental income received from the condominium on her Statement of Financial Affairs. However, after reviewing the Debtor's Statement of Financial Affairs, this Court is satisfied that the Debtor did, in fact, fully disclose this rental income and thus, the Debtor's Motion for Summary Judgment as to Count III should be granted. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment as to the claim in Count I be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment as to the claim set forth in Count II be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment as to the claim set forth in Count III be, and the same is hereby, granted and the claim set forth in Count III shall be dismissed. It is further

ORDERED, ADJUDGED AND DECREED that a pretrial hearing shall be held on all claims in Count I and Count II before the undersigned in Courtroom A of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on April 17, 1991, at 1:45 p.m.

A separate Partial Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.