In re John Q. ENGLISH, Jr., Tamera
M. McIntosh English, Debtors.

Arlene R. ENGLISH, Plaintiff,

v.

John Q. ENGLISH, Jr., Tamera M.
McIntosh English, Defendants.

Bankruptcy No. 92–30691–BKC–RAM.
Adv. No. 92–0601–BKC–RAM–A.

United States Bankruptcy Court,
S.D. Florida.

Oct. 28, 1992.

Donald Loughran, Coral Springs, Fla.,
for debtors, defendants.

Arlene R. English, pro se.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT A. MARK, Bankruptcy Judge.

Plaintiff's motion for summary judgment was argued before me on October 6, 1992 in West Palm Beach. After considering the record and the arguments presented at the hearing, I conclude that no genuine issues of fact exist and that plaintiff is entitled to judgment as a matter of law. Therefore, her motion for summary judgment is granted.

Plaintiff initiated this adversary complaint in connection with the bankruptcy filing of her ex-husband. Tamera English, who married the Defendant–Debtor after Plaintiff and Mr. English were divorced, is joined in this case as a result of her marriage to Mr. English.

At issue is approximately $5,000 in medical expenses allegedly advanced by the Plaintiff on behalf of the English's two children, as well as various alimony and child support payments that have not been made but which were provided for under a divorce decree entered into on May 8, 1989 and subsequently modified on May 15, 1991. Also at issue is Plaintiff's demand for sanctions for having to prosecute this adversary.

11 U.S.C. § 523(a)(5) excepts debts from discharge when they are:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settle-

ment agreement, but not to the extent that—

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

■ The issue of nondischargeability is a matter of federal law governed by the Bankruptcy Code. *Grogan v. Garner,* 498 U.S. 279, ——, 111 S.Ct. 654, 655, 112 L.Ed.2d 755, 763 (1991), *citing Brown v. Felsen,* 442 U.S. 127, 129–130, 136, 99 S.Ct. 2205, 2208–09, 2211, 60 L.Ed.2d 767 (1979). The statutory language in § 523(a)(5) requires the domestic obligation to be "actually in the nature of" alimony, maintenance, or support. As such, the bankruptcy court is not bound by the characterization of the obligation as alimony or support under state law. *In re Harrell,* 754 F.2d 902 (11th Cir.1985); *Williams v. Williams,* 703 F.2d 1055 (8th Cir.1983). *See also* H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6320 ("what constitutes alimony, maintenance, or support will be determined under the bankruptcy laws, not state law").

The fact that state law does not govern this court's dischargeability determination does not mean a trial is always necessary to reach a decision. If the state court record unambiguously establishes that the obligations are in the nature of alimony or support, summary judgment is appropriate. *See e.g. Gorgen v. Gorgen,* 126 B.R. 806 (Bankr.M.D.Fla.1991).

The Debtor–Defendant argues that if the adversary is tried, he will prove that the payments at issue here are part of a property settlement, a construction which would make these payment obligations dischargeable in bankruptcy. Nevertheless, the Debtor did not submit any affidavits or memoranda to refute the clear language of the divorce decree to thus create an issue of fact. A plain reading of the divorce decree leads to the conclusion that the pay-

ments at issue in this adversary fall into the category of alimony and child support. As such, summary judgment is appropriate and a trial is unnecessary.

■ Several points contained within the divorce decree indicate that these payments are alimony and child support:

(1) The Seventh Finding of Fact states that "Wife is in need of a reasonable sum for rehabilitative alimony and other types of support. The parties have various assets and liabilities which are within the jurisdiction of the Court and must be divided." Thus, the decree itself tends toward two separate strands, that of support and that of separation.

(2) The Second Paragraph of the Decree of Divorce is headed: "Support and health care for the children." It continues to grant a specified monthly payment "as and for child support" and sets forth terms wherein the husband will pay certain medical expenses such as insurance and reasonable non-reimbursable (through insurance) medical costs. Although the decree does not specify a termination date, the fact that the children are identified as minors in the Second Finding of Fact leads to the conclusion that the obligation of supporting these children will end when the children's status as minors ends.

(3) The Third Paragraph of the Decree of Divorce reads: "Support for the Wife. Husband shall be required to pay a reasonable sum for rehabilitative alimony and support of the Wife." The amount of the monthly payment is reduced after the first 7 months and is reduced again after 2 more years. Alimony is to cease five and one-half years after the decree is entered into. Husband is to also pay insurance premiums for 3 years toward maintaining Wife's Federal COBRA health care coverage. There are no conditions listed that can affect this timetable. While the presence of conditions might help confirm or deny the intention of alimony, the absence of conditions does not prove anything if the decree is clear on its face.[1]

---

1. The following caselaw excerpt is instructive:

"The plain reading of the portion of the Separa-

(4) The Fourth Paragraph of the Decree of Divorce describes a clear-cut division of property. The Fifth and Sixth Paragraphs relate to the couple's largest joint asset which is their residence. The decree calls for the sale of the house and details the contributions each party will make with its share of the sales proceeds toward reducing the couple's debts. These paragraphs are the core of the property settlement portion of the decree. Paragraph Six is headed "Debts and liabilities. Husband shall pay the following liabilities as described in his suggested division of property:" Another indication that alimony and equitable distribution are viewed as two separate strands of the divorce decree is the concluding two sentences in Paragraph Five that reads: "Wife shall be responsible for keeping up the mortgage payment on the residence and maintaining the property to its highest standards to facilitate the sale. The alimony awarded above is intended to coincide with a reasonable time for sale and relocation to reasonable quarters."

(5) The Master's Report and Recommendation of February 27, 1991 which was adopted by the County District Court Judge on March 15, 1991 followed a review of the divorce decree due to Mr. English having taken a new job (after having been terminated from his previous job) which paid him considerably less than the amount he was used to receiving at the time of the divorce. The decree was upheld in all parts except that the amount of the "spousal support obligation" (as the Master referred to it) was reduced to roughly half of what was originally decreed. The modification took effect roughly one and a half years after the original decree (the modification took effect retroactive to the date of the filing of the motion as opposed to the date that the motion was granted in part). The point of the Master's Report is that it tends to prove that two years after the decree, the parties to the decree continued to be-

have in a manner which reflected the categorization of these monthly payments as spousal and child support. The Master's Report details findings as to the financial needs of the wife and analyzes her progress in achieving financial rehabilitation. He concludes on balance that "her need for spousal support still exists."

Determination of dischargeability of spousal support payments do not depend on a state of need existing on the part of the payee. *See Harrell v. Sharp,* 754 F.2d 902 (11th Cir.1985) (Bankruptcy Court's function is not to assess the divorced spouse's needs and arrive at precise amount that the spouse would require for support, but, rather, once it was found that alimony payments were "actually in the nature of alimony," the bankruptcy court's task is at an end.) The Master's Report is cited to herein to reflect an additional indication that the payments were in the nature of alimony.

There being no material issue of fact alleged in this case and the divorce decree being clear on its face, this Court finds that Summary Judgment should be granted to the Plaintiff. It is therefore—

ORDERED AND ADJUDGED that Plaintiff's Motion For Summary Judgment is hereby granted and that all payments including those of alimony, COBRA insurance premiums, child support and children's medical expenses are found to be nondischargeable. Because of outstanding issues of fact which are not material to this court's nondischargeability determination (regarding the wife's adherence to terms of the divorce decree as outlined in Attorney Donald Loughran's letter to Plaintiff of May 22, 1992) but which are appropriately left to a state court's determination, the Plaintiff's separate plea for sanctions in this case is denied.

The Court will enter a separate Final Judgment excepting these debts from dis-

---

tion Agreement, regarding the Debtors' obligation to pay $200 per month per child to the Plaintiff, leaves no doubt that this payment is clearly child support and thus nondischargeable. Additionally, this Court is equally satisfied that the $200 monthly payment due and

owing from the Debtor to the Plaintiff until the marital home is sold, or he dies or is remarried [in this case the husband received alimony] can also be characterized in the nature of support, as opposed to a property settlement." *Gorgen v. Gorgen,* 126 B.R. 806, 807 (Bankr.M.D.Fla.1991).

charge in accordance with Rule 9021, Federal Rules of Bankruptcy Procedure and Rule 58, Federal Rules of Civil Procedure.

DONE AND ORDERED.