**In re Rick L. WOODALL, Debtor.**

**Sheila Back Woodall HUBBARD, Plaintiff,**

v.

**Rick L. WOODALL, Defendant.**

Bankruptcy No. 94–60562.

Adv. No. 95–6005.

United States Bankruptcy Court, E.D. Kentucky, Corbin Division.

Sept. 1, 1995.

Robert E. Gillum, Somerset, KY, for plaintiff.

Michael L. Duncan, Somerset, KY, for defendant.

## *MEMORANDUM OPINION*

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the issue of dischargeability of debt pursuant to 11 U.S.C. § 523(a)(5). By Order of this Court entered on March 16, 1995, the parties were given a briefing schedule, and upon its completion were to tender an order of submission. The parties filed their briefs, and the Order of Submission was entered on July 24, 1995. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

The plaintiff commenced this action by filing her Complaint on January 19, 1995, and her Amended Complaint on January 25, 1995. Therein she asked the Court to find that an obligation of the defendant for medical expenses was in the nature of alimony, mainte-

nance or support and not dischargeable in bankruptcy. The defendant filed his Answer on February 3, 1995. On March 13, 1995, the parties entered into Stipulations concerning records of the Pulaski Circuit Court in Civil Action No. 86–CI–128, styled Sheila Back Woodall vs. Ricky Lynn Woodall.

These records indicate that a Decree of Dissolution of Marriage was entered in regard to the parties' marriage on July 14, 1986. The Findings of Fact entered therein included the following provision concerning support of the parties' infant child:

The petitioner shall be awarded the sum of $30.00 per week as child support, said payments shall be made through the office of the Pulaski Circuit Court and the respondent will further be required to pay all medical bills which are not covered by the medical insurance that the petitioner will carry on the said infant child.

The record further indicates that pursuant to the foregoing provision the plaintiff submitted $4,032.64 in medical and dental bills to the defendant which he never paid. The plaintiff, faced with possible loss of services or being placed on a "cash only" basis by various providers, eventually paid the bills herself.

The defendant contends that this debt is not "in the nature of child support" because it is a lump sum "judgment" reimbursing the plaintiff for what she voluntarily paid to third-party providers. This characterization refers to the fact that the Pulaski Circuit Court Domestic Relations Commissioner found at a hearing on September 6, 1994, that there were unpaid medical and dental bills in the amount of $4,032.64, and recommended that the motion of the Petitioner (the plaintiff herein) to enter an order holding the Respondent (the defendant herein) in contempt for failure to pay court ordered medical and dental expenses be sustained, and that the Court impose appropriate punishment after hearing.

On October 20, 1994, the Pulaski Circuit Court overruled the Respondent's exceptions and confirmed the Domestic Relations Commissioner's Report. The defendant filed his Chapter 7 petition in this Court on December 15, 1994, and scheduled the subject debt for discharge. On January 17, 1995, the Pulaski Circuit Court entered an Order staying the pending contempt proceedings.

Case law does not support the defendant's position in this matter. In *In re Bradley,* 17 B.R. 107 (Bkrtcy.M.D.Tenn.1981), the Court stated:

It is also clear that the outstanding medical, dental, and hospital bills are in the nature of child support. Defendant testified that the bills were incurred for the benefit of the parties' child who has a history of health problems. Thus, the inherent nature of the obligations is that of child support. The provision in the Separation Agreement directing Debtor to pay all medical, dental and hospital expenses over and above those covered by insurance was included in the section dealing solely with support.... The payments were also to be made directly to Defendant.... Accordingly, the Court finds the debts to be in the nature of child support. (Cites omitted.)

At page 111. As concerns the defendant's argument that the debt is not in the nature of child support because the bills which comprise it were originally payable to third-party providers, it is contradicted by the court's holding in *In re Growney,* 15 B.R. 849 (Bkrtcy.W.D.N.Y.1981). The *Growney* court observed, quoting from *In re Spong,* 661 F.2d 6 (C.A.2 1981), that "dischargeability must be determined by the substance of the liability rather than its form," and that a failure to satisfy obligations to the medical claimants is a failure to satisfy support obligations. *Id.,* at page 850.

Finally, in *In re English,* 146 B.R. 874, 875 (Bkrtcy.S.D.Fla.1992), the court held that where the clear language of the divorce decree made the debtor husband responsible for certain medical expenses for his minor children as part of the provision for their support, and his former spouse advanced approximately $5,000.00 in medical expenses on behalf of the children, the debt was nondischargeable in bankruptcy as being in the nature of support.

In consideration of all of the foregoing it is therefore the opinion of this Court that the defendant's debt to the plaintiff for $4,032.64 in medical expenses for the parties' minor child is nondischargeable in bankruptcy, and

that the plaintiff should prevail upon her Complaint. An order consistent with this opinion will be entered separately.