### In the Matter of Daniel W. OLSON, Debtor.

### Bankruptcy No. 95–81735.

United States Bankruptcy Court, D. Nebraska.

Aug. 22, 1996.

Michael Leahy, Omaha, NE, for Barbara A. Olson.

---

Radley Clemens, Omaha, NE, for debtor.

Kathleen Laughlin, Trustee, Omaha, NE.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on April 22, 1996, on the Second Amended Plan by debtor. This memorandum contains findings of fact and conclusions of law required by Fed.Bankr.R. 7052 and Fed.R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L).

### Background

Daniel Olson, the debtor, and his ex-wife, Barbara Olson, were married on May 22, 1982. During the course of their marriage, Barbara Olson alleges that the debtor physically assaulted her on numerous occasions, and that she suffered physical injuries as a result. The Douglas County District Court entered a decree of dissolution of the marriage on September 28, 1990. In the decree, the court found that Barbara Olson had

> sustained injuries during a physical altercation between the parties and while the parties were living together and [Barbara Olson] has incurred medical and related expenses as a result thereof and [Barbara Olson] will incur additional medical and related expenses as a result thereof; that [Daniel Olson] shall reimburse [Barbara Olson] for certain of said costs she has incurred already and also for certain of said costs that [Barbara Olson] shall incur in the future ...

(Ex. 2 p. 2). The court ordered the debtor to reimburse Barbara Olson for her past medical and related expenses and to pay one half of her future medical and related expenses as follows:

> [Daniel Olson] shall pay to [Barbara Olson] through the Clerk of the Court the sum of $3,568.05 for medical and travel expenses incurred by [Barbara Olson] as a result of [her] injuries sustained as previously described herein and not otherwise covered by health insurance and, accordingly, judgment is entered against [Daniel Olson] and in favor of [Barbara Olson] for said amount ...

> ... [Daniel Olson] shall pay one half of all medical and travel expenses to be incurred by [Barbara Olson] for her upcoming surgery in the State of Texas and not covered by insurance. This surgery is related to [Barbara Olson's] medical condition resulting from injuries sustained as described previously herein ...

(Ex. 2 p. 4).

Barbara Olson maintains that the debtor has failed to pay any part of this judgment, and initiated collection efforts on July 28, 1995. However, the debtor had previously filed a petition in Chapter 7 on February 2, 1994, and obtained a discharge on October 6, 1995. The debtor did not list Barbara Olson's debt on his schedules, and Barbara Olson claims that she did not have other notice of the debtor's Chapter 7 petition. (Affidavit of Barbara Olson at ¶ 12).

On October 26, 1995, less than three weeks after receiving his discharge, the debtor filed a voluntary petition for Chapter 13. The following day, the debtor filed a Suggestion in Bankruptcy in the Douglas County District Court that referenced his Chapter 13 petition, and Barbara Olson ceased her collection efforts.

The debtor has listed Barbara Olson's debt as an unsecured nonpriority claim in his Chapter 13 petition in the total amount of $9,500. The debtor lists a total amount of $21,150.00 as unsecured nonpriority claims, and Barbara Olson's claim represents approximately 45% of that amount.

### Decision

Barbara Olson's claim is in the nature of alimony, maintenance, or support of a former spouse pursuant to 11 U.S.C. § 523(a)(5). Therefore, it was not discharged in the debtor's Chapter 7 case pursuant to that section of the Bankruptcy Code, and furthermore is entitled to priority status pursuant to 11 U.S.C. § 507(a)(7). Accordingly, Barbara Olson's objection to Confirmation of the debtor's Chapter 13 Plan is sustained. The debtor is granted 20 days in which to file an amended plan.

## Discussion

■ Section 523(a)(5) of the Bankruptcy Code provides in part:

(a) A discharge under section 727, 1141, 1228(b), or 1328(b) of this titled does not discharge an individual debtor from any debt—

.    .    .    .    .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement . . .

11 U.S.C. § 523(a)(5). Such a claim is entitled to priority pursuant to 11 U.S.C. § 507(a)(7). The debtor maintains that the debt to Barbara Olson is a property settlement and not alimony. In support, he cites to the divorce decree which provides that "neither party shall pay alimony to the other party." (Ex. 2 p. 3). However, whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law, and a bankruptcy court must make a determination independent of the label given the award by a state or in the decree. *Williams v. Williams (In re Williams)*, 703 F.2d 1055 (8th Cir.1983); *Telgmann v. Maune (In re Maune)*, 133 B.R. 1010 (E.D.Mo.1991). The crucial issue is the function the award was intended to serve, and the ultimate determination for the court is a factual one, to be decided in light of all the facts and circumstances relevant to the intention of the parties.. *Williams*, 703 F.2d at 1057–58.

In *Draper v. Draper*, 790 F.2d 52 (8th Cir.1986), the debtor had previously agreed to pay one-half of his children's medical expenses not covered by insurance as part of a settlement agreement in a divorce decree. Approximately two years after the debtor was divorced, he filed a voluntary petition in bankruptcy under chapter 11, and filed a motion to reject the settlement agreement as an executory contract. The bankruptcy court denied the motion, finding that the medical expenses provision was in the nature of support, and thus nondischargeable. On appeal, the district court affirmed. The Eighth Circuit held the even if the settlement agreement was an executory contract, the obligation to pay one-half of his children's medical expenses not covered by insurance was not dischargeable because it was a support obligation, and that the bankruptcy court's finding that the obligation was in the nature of support was not clearly erroneous. *Id.* at 54. In rejecting the relevancy of a "needs test" in determining whether such obligations are in the nature of support, the court quoted approvingly from *Harrell v. Sharp (In re Harrell)*, 754 F.2d 902 (11th Cir.1985):

The language used by Congress in § 523(a)(5) requires bankruptcy courts to determine nothing more than whether the support label accurately reflects that the obligation at issue is "actually in the nature of alimony, maintenance, or support." The statutory language suggests a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the nature of support. The language does not suggest a precise inquiry into financial circumstances to determine precise levels of need or support, nor does the statutory language contemplate an ongoing assessment of need as circumstances change.

*Draper*, 790 F.2d at 54.

Other courts that have faced this issue have also made determinations that an obligation to pay a child's or a former spouse's past or future medical bills to be in the nature of support. *See, In re Seibert*, 914 F.2d 102, 105 (7th Cir.1990) ("As a general matter, medical expenses are in the nature of support . . ."); *Robinson v. Robinson (In re Robinson)*, 193 B.R. 367 (Bankr.N.D.Ga. 1996); *Scott v. Scott (In re Scott)*, 194 B.R. 375 (Bankr.D.S.C.1995); *Hubbard v. Woodall (In re Woodall)*, 185 B.R. 743 (Bankr. E.D.Ky.1995); *Linet v. Azia (In re Azia)*, 159 B.R. 71 (Bankr.D.Mass.1993); *Coleman v. McCord (In re McCord)*, 151 B.R. 915 (Bankr.E.D.Mo.1993); *English v. English (In re English)*, 146 B.R. 874 (Bankr. S.D.Fla.1992); *Sherrin v. Bakken (In re*

*Bakken* ), 112 B.R. 37 (Bankr.N.D.Okla. 1990); *Shelton v. Shelton* (*In re Shelton* ), 92 B.R. 268 (Bankr.S.D.Ohio 1988); *Young v. Young* (*In re Young* ), 72 B.R. 450 (Bankr. D.R.I.1987); *Sullivan v. Sullivan* (*In re Sullivan* ), 62 B.R. 465 (Bankr.N.D.Miss.1986); *Howe v. Scannell* (*In re Scannell* ), 60 B.R. 562 (Bankr.W.D.Wis.1986); *Dial v. Presler* (*In re Presler* ), 34 B.R. 895 (Bankr. M.D.Tenn.1983); *Berman v. Berman* (*In re Berman* ), 26 B.R. 301 (Bankr.S.D.Fla.1982); *Growney v. Growney* (*In re Growney* ), 15 B.R. 849 (Bankr.W.D.N.Y.1981); *In re Baker*, 15 B.R. 109 (Bankr.W.D.Pa.1981); *Brace v. Moran* (*In re Brace* ), 13 B.R. 551 (Bankr. N.D.Ohio 1981). *But see, Schurman v. Schurman* (*In re Schurman* ), 130 B.R. 538 (Bankr.W.D.Mo.1991); *Rice v. Rice* (*In re Rice* ), 94 B.R. 617 (Bankr.W.D.Mo.1988); *Monday v. Allen* (*In re Allen* ), 4 B.R. 617 (Bankr.E.D.Tenn.1980); *Netherton v. Netherton* (*In re Netherton* ), 2 B.R. 50 (Bankr. M.D.Tenn.1979).

From the facts of this case, the medical expenses that the debtor is required to pay pursuant to the divorce decree are in the nature of support, and the debt is therefore nondischargeable. While the debtor was not required to pay alimony, Barbara Olson claims that she has been unable to work because of the injuries she sustained as a result of the debtor's beatings, and these payments would have provided her with some means of sustenance. In addition, the circumstances contributing to the estrangement of the parties and the moral obligation of the debtor to support his ex-wife lead to the conclusion that the obligation is nondischargeable. *Webb v. Soval* (*In re Soval* ), 71 B.R. 690 (E.D.Mo.1987). Finally, it appears that it was the intention of the parties to treat it as a support obligation.[1]

As a nondischargeable debt pursuant to § 523(a)(5) of the Code, Barbara Olson's claim is entitled to priority status. However, the debtor has not given her claim such status in his schedules or in his amended plan. Accordingly, Barbara Olson's objec-

tion to the debtor's amended plan is sustained.

There is an additional argument put forth by Barbara Olson as to why her objection to the confirmation should be sustained. She maintains that the plan has not been submitted in good faith. Because the debt is nondischargeable and the plan does not provide it priority status, and, therefore, cannot be confirmed, this additional argument is not addressed.

Separate journal entry to be filed.

---

1. In fact, as originally submitted to the Douglas County District Court, the divorce decree provided that the provision for reimbursement was in lieu of alimony. However, the judge struck the language from the decree, and initialed this change. Nevertheless, it is the intention of the parties, not the judge, that is the determining factor.