PER CURIAM.
 

 The issue presented in this appeal is whether the bankruptcy court
 
 [1]
 
 erred in characterizing a father’s promise to pay for a son’s college education as a nondischargeable support obligation rather than a dis-chargeable property settlement. Robert H. Boyle, debtor, made the promise at the time he and his ex-wife were divorced. We affirm.
 

 On January 2, 1975, the debtor appellant, Ronald H. Boyle, and the appellee, Catherine Boyle Donovan, his ex-wife, entered into a property settlement agreement which was incorporated into their divorce decree. Paragraph five of the agreement provided:
 

 Husband agrees to pay all the college and professional school education expenses of the said two minor children, which shall include, but not be limited to tuition, books, supplies, room and board, and a reasonable amount for spending money. This provision shall be limited to one post graduate professional degree for each child.
 

 The debtor testified before the bankruptcy court that he suggested the inclusion of this paragraph, and that when the agreement was negotiated “there was just no disagreement” about who should pay for his sons’ college expenses. (Tr. 9-10). The agreement also required that he pay child support of $750 per month for his two sons, and $1,250 per month in alimony.
 

 At the time of the divorce the debtor was a practicing psychiatrist and had an annual gross income of approximately $100,000. (Tr. 19). His ex-wife was a student pursuing a graduate degree in social work.
 

 In 1981 the debtor became delinquent in payment of his elder son’s college expenses. His ex-wife brought suit in state court to enforce the property settlement agreement, and the court upheld the agreement and
 
 *683
 
 ordered the debtor to pay $2,300 in college expenses.
 

 On June 14, 1982, the debtor filed a voluntary chapter 7 petition in the bankruptcy court. In his schedule the debtor listed his ex-wife as an unsecured creditor for the $2,300 in college expenses awarded by the state court. He then filed a complaint to. determine the dischargeability of this debt. After conducting a hearing at which the debtor testified, the bankruptcy court held that the agreement to pay for college expenses “is in the nature of alimony, maintenance and support and is non-dischargea-ble.” This appeal followed.
 

 The Bankruptcy Reform Act of 1978 prohibits the discharge of a debtor’s alimony, maintenance or support obligations to his or her former spouse and children. Property settlements, on the other hand, can be discharged. 11 U.S.C. § 523(a)(5). The debtor argues that the bankruptcy court erred in characterizing his agreement to pay for his sons’ college expenses as a support obligation. Specifically, he contends that since under Arkansas law he had no legal obligation to pay for his sons’ education, and since his sons are now adults with no present need of support, the bankruptcy court should have found the agreement to be a dischargeable property settlement.
 

 This argument misses the point. In deciding whether to characterize an agreement as an alimony, maintenance or support obligation or a property settlement, the bankruptcy court does not examine the present situation of the parties. Rather, the crucial question is what function did the parties intend the agreement to serve when they entered into it.
 
 See In re Williams,
 
 703 F.2d 1055, 1057 (8th Cir.1983). This is a question of fact for the bankruptcy court to decide, and appellate courts can set aside the bankruptcy court’s finding only if clearly erroneous.
 
 Id.
 
 at 1057-58.
 

 In this case, the bankruptcy court’s finding that the debtor and his ex-wife intended the agreement concerning college expenses to function as support is not clearly erroneous. That the debtor had no duty under Arkansas law to pay for his sons education does not mean that he and his ex-wife could not have intended the college expense agreement to function as support.
 

 Several factors support the bankruptcy court’s finding. At the time the property settlement agreement was negotiated, the debtor was a practicing psychiatrist with substantial income; his ex-wife was a student obtaining a graduate degree in social work. The debtor testified that
 
 he
 
 suggested the inclusion of the paragraph which required him to pay for his sons’ college expenses. Further, that paragraph obligated the debtor to pay for not only the expenses of obtaining an undergraduate degree but also “one post-graduate professional degree for each child.” College and post graduate education were part of the family pattern of life. The college expense agreement, accordingly, could be considered as providing for the economic safety of the sons during their college years, and hence the agreement is “in the nature of support.” 11 U.S.C. § 523(a)(5)(B).
 

 Other arguments advanced by debtor that the bankruptcy court failed to consider federal standards in reaching its conclusion, and specifically that the obligation is to third parties, the colleges, rather than the spouse are without merit. Similarly, debt- or’s plea for a fresh start must give way before the rights he recognized to provide his children with a start in life comparable to that which he enjoyed.
 

 Additionally, Arkansas law provides that in divorce proceedings, the marital property must be divided “[a]t the time a divorce decree is entered.”
 
 Ark.Stat.Ann.
 
 § 34-1214(A)(l) (Cum.Supp.1983), and that the specific property to which each party is entitled must be designated in the final order or judgment of divorce.
 
 Id.
 
 § 34-1214(A)(3). If the parties had intended the college expense agreement to be a property settlement, their attorneys could have so structured the agreement. Instead, the debtor agreed to pay the expenses as they came due, which suggests that the agreement was more in the nature of support.
 

 
 *684
 
 Accordingly, we affirm the judgment of the bankruptcy court.
 

 [1]
 

 . The Honorable Charles W. Baker, United States Bankruptcy Judge for the Western District of Arkansas.