PER CURIAM.
 

 William W. Draper, III, appeals from a final order entered in the District Court
 
 [1]
 
 for the Eastern District of Arkansas affirming the decision of the bankruptcy court.
 
 [2]
 

 In re Draper,
 
 No. H-C-85-53 (E.D.Ark. Sept. 9, 1985). The bankruptcy court denied appellant’s motion to reject certain provisions of a settlement agreement as an executory contract pursuant to 11 U.S.C. § 365.
 
 In re Draper,
 
 48 B.R. 37 (Bankr.E.D.Ark.1985). For reversal appellant argues that the settlement agreement is an executory contract that should be evaluated under a “needs” test. For the reasons discussed below, we affirm.
 

 Appellant and appellee Debra B. Draper were divorced in 1982. They negotiated a settlement agreement covering child custody, child support and division of property that was incorporated into the divorce decree. Appellant agreed to pay $800 per month child support, maintain medical insurance for the couple’s two children, pay one-half of the children’s medical expenses not covered by insurance and all their dental expenses, and to pay the children’s private school tuition, fees, books, and other educational expenses, not to exceed $2,000 per year per child. Appellant also agreed to pay for post-secondary education to be measured by the fees charged by the primary state university in the state in which the child was residing at the time of graduation from high school. Appellee had custody of the children and agreed to honor appellant’s visitation rights.
 

 At the time of the divorce appellant was engaged in the operation of a family farm. Appellant later suffered financial problems and also remarried. In 1984 appellant sought modification of the settlement agreement on the basis of changed circumstances. The county chancery court ordered the child support payment reduced to $400 per month. However, the county chancery court refused to modify the terms of the settlement agreement concerning payments for educational, medical and dental expenses because the court believed those terms were contractual and thus not subject to modification by the court under Arkansas law.
 

 Appellant then filed a voluntary petition in bankruptcy under Chapter 11. In September 1984 appellant filed the instant motion to reject the settlement agreement as an executory contract pursuant to 11 U.S.C. § 365. Appellant argued that the settlement agreement was executory because it imposed continuing obligations upon each party and thus “performance remains due to some extent on both sides.” H.R.Rep. No. 595, 95th Cong., 1st Sess. 347 (1977),
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6303. The bankruptcy court denied the motion to reject,
 
 *54
 
 finding that the child support, educational, medical, and dental expenses provisions in the settlement agreement were “actually in the nature of ... support” and thus nondis-chargeable in bankruptcy.
 
 See
 
 11 U.S.C. §§ 523(a)(5)(B), 1141(d)(2), 1328(a)(2). The district court affirmed, finding the bankruptcy court’s characterization of the settlement agreement provisions in dispute as obligations in the nature of child support was not clearly erroneous.
 
 In re Draper,
 
 48 B.R. 37, 39-40.
 

 For reversal appellant argues that the district court should have adopted a “needs” test similar to that set forth in
 
 In re Calhoun,
 
 715 F.2d 1103 (6th Cir.1983), and
 
 Warner v. Warner,
 
 5 B.R. 434 (Bankr.D.Utah 1980), to determine whether his obligations under the settlement agreement provisions in dispute were “actually in the nature of ... support.” Appellant argues that because his financial resources are now more limited than they were at the time of the divorce and because he now has additional obligations to his new family, he is no longer able to pay child support at the reduced amount or pay for the children’s educational, medical and dental expenses as provided in the settlement agreement. Appellant readily acknowledges his responsibility for child support, but he argues that any child support payments must be reduced and more limited in scope.
 

 We do not accept appellant’s argument. Even if the settlement agreement is an executory contract because it is “‘a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other,’ ”
 
 In re Knutson,
 
 563 F.2d 916, 917 (8th Cir.1977) (per curiam),
 
 citing
 
 Countryman,
 
 Executory Contracts in Bankruptcy: Part 1,
 
 57 Minn.L.Rev. 439, 460 (1973);
 
 see Jenson v. Continental Financial Corp.,
 
 591 F.2d 477, 481 (8th Cir.1979), appellant’s obligations under the disputed provisions of the settlement agreement are nonetheless not dischargeable in bankruptcy because they are support obligations.
 
 See In re Gardner,
 
 26 B.R. 65, 68-69 (Bankr.W.D.N.C.1982).
 

 The Bankruptcy Reform Act of 1978 prohibits the discharge of a debtor’s obligation to make alimony, maintenance, or support payments to his or her former spouse. 11 U.S.C. § 523(a)(5) (Supp. V 1981). Whether a particular debt is a support obligation or [instead] part of a properly settlement [and thus discharge-able] is a question of federal bankruptcy law, not state law....
 

 [[Image here]]
 

 ... Whether in any given case such obligations [pursuant to a divorce settlement] are in fact for “support” and therefore not dischargeable in bankruptcy, is a question of fact to be decided by the Bankruptcy Court as trier of fact in light of all the facts and circumstances relevant to the intention of the partiés. A finding of fact on such a question may be set aside by the District Court or by us only if clearly erroneous.
 

 In re Williams,
 
 703 F.2d 1055, 1056-58 (8th Cir.1983) (other citations omitted). The bankruptcy court’s finding that appellant’s obligations under the settlement agreement provisions in dispute in the present case were obligations “actually in the nature of ... [child] support,” and thus nondischargeable, is not clearly erroneous.
 

 In addition, we reject the relevancy of a “needs” test in determining whether obligations are “actually in the nature of ... support” and thus nondischargeable under 11 U.S.C. § 523(a)(5).
 
 See In re Harrell,
 
 754 F.2d 902, 906-07 (11th Cir.1985).
 
 [3]
 

 
 *55
 
 Accordingly, we affirm and adopt the analysis set forth in the order of the district court.
 

 [1]
 

 . The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.
 

 [2]
 

 . The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.
 

 [3]
 

 . The court in
 
 In re Harrell,
 
 754 F.2d 902, 906 (11th Cir.1985) (emphasis in original), concluded that
 

 [t]he language used by Congress in § 523(a)(5) requires bankruptcy courts to determine nothing more than whether the support label accurately reflects that the obligation at issue is “actually in the nature of alimony, maintenance, or support.” The statutory language suggests a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is
 
 *55
 
 in the
 
 nature
 
 of support. The language does not suggest a precise inquiry into financial circumstances to determine precise levels of need or support, nor does the statutory language contemplate an ongoing assessment of need as circumstances change.
 

 The court specifically rejected the ‘‘[d]ebtor's attempt to expand the dischargeability issue into an assessment of the ongoing financial circumstances of the parties to a marital dispute [which] would of necessity embroil federal courts in domestic relations matters which should properly be reserved to the state courts.”
 
 Id.
 
 at 907 (footnote omitted).