In re Allan M. and Annmarie KAYLO.

Teresa G. KAYLO, Plaintiff,

v.

Allan M. KAYLO, Defendant.

Bankruptcy No. 93–16373 S.
Adv. No. AP 95–6504.

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

May 18, 1995.

Janie Evans, Hot Springs, AR, for plaintiff.

W. David Goldman, Hot Springs, AR, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE came before the Court upon the trial of the complaint to determine dischargeability pursuant to section 523(a)(5) relating to certain child support debts. Trial was held on May 1, 1995, at which time both parties appeared and presented evidence. Pursuant to a request of the parties, they were granted an opportunity to file post-trial briefs on or before May 15, 1995.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(I).

The plaintiff requests a determination that payments required to be made under the parties' property settlement agreement for tuition, books and expenses constitute nondischargeable support pursuant to Bankruptcy Code section 523(a)(5). The debtor does not dispute that the remainder of the provisions regarding care of his children are in the nature of support. Only a particular provision regarding tuition at a private school is in issue.[1]

The *evidence* before the Court is uncontroverted that the debt is in the nature of support. There is no dispute that education constitutes a daily need of children.[2] The

---

1. Pursuant to the settlement agreement, the support obligation includes not only the debtor's share of tuition, but also his one-half share of books and uniforms. The evidence indicated that, despite any court order relieving him of the responsibility, the debtor is not paying his share of the tuition or uniforms.

2. Indeed, tuition for college education is often held to be a nondischargeable support obligation. *See, e.g., Boyle v. Donovan,* 724 F.2d 681 (8th Cir.1984); *Ozey v. Ozey,* 166 B.R. 169 (N.D.Okla. 1994).

debtor clearly acknowledged the importance of a good education at the time of the settlement agreement as evidenced by the fact that it was *his* requirement that the children attend private school, and in particular, St. John's School. *Compare Boyle v. Donovan,* 724 F.2d 681, 683 (8th Cir.1984) (the fact that debtor suggested the inclusion of the paragraphs regarding college tuition was evidence that he intended the payments as support). Further, the parties desired the children to be in a particular religious and moral setting which may be a part of a child's needs, and thus an element of support. *Compare id.* (the fact that such education was "part of the family pattern of life" supported the finding that the payments were intended as support). Further, this setting is a need of the children inasmuch as the debtor, although he has liberal visitation rights, has virtually abandoned his children by his first marriage, having not exercised his visitation rights for a period of nine months. Accordingly, the children, ages 11 and 8, have a greater need for such an environment. Further, the children have attended this school regularly since their parents moved to Hot Springs, Arkansas, and are doing well at that school.

■ Apparently believing that he is burdened unfairly,[3] debtor stated that he is willing to only pay child support pursuant to the child support chart utilized by the state courts of Arkansas.[4] The debtor's post-trial brief articulates his argument with the assertion that the fact that he is paying in excess of the amount on the child support chart is evidence that the tuition is not in the nature of support. Neither the child support chart, nor evidence of amounts which a Chancery Court customarily awards for child support, were presented as evidence to the Court. Accordingly, there is no evidence before the Court, other than the debtors petulant belief, that debtor is actually paying more than is "normally" required.

Second, the fact that debtor may be paying more than is customary or even required under the law does not render the debt nondischargeable. Indeed, the Eighth Circuit has previously held a debt to pay college tuition to be nondischargeable support despite the lack of a legal requirement to provide such support. *Boyle v. Donovan,* 724 F.2d at 683 ("That the debtor had no duty under Arkansas law to pay for his sons' education does not mean that he and his ex-wife could not have intended the college expense agreement to function as support.").

■ Finally, the debtor's argument improperly requires this Court to consider the present needs and/or capacities of the parties, issues that are irrelevant in a dischargeability proceeding. The focus of the Court's inquiry in a dischargeability proceeding is the nature of the debt, determined by the intent of the parties in creating that debt, not the current needs or appropriate amount of child support. *See Draper v. Draper,* 790 F.2d 52, 54–55 n. 3 (8th Cir.1986); *Boyle v. Donovan,* 724 F.2d 681 (8th Cir.1984). While state and federal courts have concurrent jurisdiction to determine the dischargeability of child support obligations, there is no concurrent jurisdiction for determination of the appropriate amounts of support. Issues of the appropriate amount of support may not be raised in this Court, but are solely within the province of the state court. *Draper v. Draper,* 790 F.2d 52, 54–55 n. 3 (8th Cir.1986) ("[A]ssessment of the ongoing financial circumstances of the parties to a marital dispute ... would of necessity embroil federal court in domestic relations matters which should properly be reserved to the state court."). Thus, both parties are in error in their understanding that the reasonableness of the amount of support is an issue for the Court. While it is true that this may be a factor in the districts located within the Sixth Circuit, *see In re Calhoun,* 715 F.2d 1103

**3.** The Court notes that debtor's children by his second wife attend a private school. Such tuition is apparently free because the mother volunteers at that school. Since the debtor is unemployed, there are no impediments to him doing the same for his children by his first marriage.

**4.** Although clearly able, the debtor is not currently employed. Accordingly, the child support could result in a reduction to a rather minimal amount while he remains unemployed.

(6th Cir.1983),[5] such a factor is not to be considered in this Circuit. *See Draper*, 790 F.2d 52.

 Since the sole inquiry before this Court is whether the debts are in the nature of support, the debtor's argument is without merit. The evidence is virtually uncontroverted and, in fact, is overwhelming, that at the time they entered into the settlement agreement, the parties intended the tuition, books and uniform payments as support for the children. Inasmuch as the debts are in the nature of child support, they are nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5). The fact that the debtor now has changed his mind that he once intended to provide meaningful support for his first two minor children, does not render the debt dischargeable. If modification of a child support award is appropriate, that matter must be raised in the proper state forum, not in the federal courts. This Court determines that all past and current debts for child support, as expressed in the settlement agreement and any orders of the Chancery Court, are nondischargeable in bankruptcy. Accordingly, it is

**ORDERED** that judgment shall be entered in favor of the plaintiff inasmuch as the child support debt for tuition is nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(5).

**IT IS SO ORDERED.**

### *JUDGMENT*

This action came on for trial before the Court, Honorable Mary Davies Scott, U.S. Bankruptcy Judge, presiding, and the issues having been duly tried and a decision having been duly rendered,

**It is Ordered and Adjudged** that the debt owed to the plaintiff TERESA G. KAYLO by the debtor defendant ALLEN M. KAYLO for child support, including tuition, books, and other expenses for the children's education, including post-high school education,

are nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5).

**It is so Ordered.**

---

5. Upon revisiting this issue, the Sixth Circuit restricted the application of *Calhoun* in *Fitzgerald v. Fitzgerald*, 9 F.3d 517 (6th Cir.1993). In *Fitzgerald*, the Sixth Circuit held that the *Calhoun* present needs test did not apply where the obligation was both designated as alimony in the agreement and was, in fact, support. Although the Sixth Circuit, in *Fitzgerald*, states that *Calhoun* was not intended to intrude into the state's authority over domestic relations, the present needs test was not, unfortunately, eliminated in that circuit.