**In re Michael Eugene FRITZ, Debtor.**

**Bonnie J. KILGORE, Plaintiff,**

**v.**

**Michael Eugene FRITZ, Defendant.**

**Bankruptcy No. 96–6776–RLB–7. Adversary No. 96–388.**

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

Nov. 4, 1997.

Gary Dilk, Buschmann, Carr & Shanks, Indianapolis, IN, for plaintiff.

Larry D. Furnas, Indianapolis, IN, for defendant.

*ENTRY ON MOTIONS FOR SUMMARY JUDGMENT*

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Motion for Summary Judgment ("Debtor's Motion for Summary Judgment"), filed by Michael Eugene Fritz ("Debtor") on August 8, 1997, and on the Motion for Summary Judgment ("Creditor's Motion for Summary Judgment"), filed by Bonnie J. Kilgore ("Ms. Kilgore") on October 15, 1997. The Court, having reviewed the Debtor's Motion for Summary Judgment, the Creditor's Motion for Summary Judgment, and the briefs and exhibits filed in connection therewith, now makes the following Entry.

The Debtor filed a petition under Chapter 7 on July 19, 1996. Prior to the bankruptcy filing, the marriage of the parties was dissolved by a dissolution decree ("Dissolution Decree") entered by the state court on March 8, 1994. In Article IV of the Dissolution Decree, entitled "Child Support", the following provisions are made with respect to the parties' three children:

*Section 4.1* [ordering the Debtor to pay $128.00 per week in child support for the three children]

*Section 4.2* Husband shall continue to pay tuition for the children to attend Eagledale Christian School as they are at this time. Husband shall also pay the sum of Two Hundred Fifty Nine Dollars ($259.00) per month for tuition, books and fees for all three children until completion of high school requirements. Husband shall pay all reasonable college educational expenses of the children incurred until they receive an undergraduate college degree, which shall include, but not be limited to, tuition, room, board, books and reasonable living allowance, in accordance with Indiana law and according to the financial ability of the Husband to pay for such costs at that time. Husband shall be consulted concerning the college to [be] attended by the children and in no event shall he be held to payments higher than had the children attended Indiana University at Bloomington....

*Section 4.3* [ordering Ms. Kilgore to maintain medical insurance for the children, and providing for the payment of the children's medical expenses not covered by insurance]

*Section 4.4* [providing for the claiming of the children as dependents for tax purposes]

After the entry of the Dissolution Decree, various disputes arose between the parties regarding payment of the childrens' expenses. The Debtor eventually filed a petition with the state court to terminate his obligation to pay $259.00 per month for the childrens' attendance at Eagledale Christian School. On March 18, 1997, the state court

entered an order ("March 1997 Order"), denying the Debtor's request for a modification of the $259.00 per month obligation to pay for the childrens' education at Eagledale Christian School. The relevant parts of the March 1997 Order read as follows:

1. Section 4.2 of the Agreement of Settlement obligates Petitioner to pay no more than $259.00 per month towards tuition, books, fees etc. for childrens' attendance at Eagledale Christian School. Petitioner's request for modification of such expenses is denied. From date of Decree to and including December 1996 ... Petitioner owed Respondent the sum of $5,205.25....

[paragraphs 2–5: providing for the payment of the oldest child's expenses while attending college]

6. [providing for exchange of information regarding the children]

7. [ordering Debtor to pay Ms. Kilgore's attorney fees in the amount of $350.00]

At some point after the entry of the March 1997 Order, the parties agreed to modify their arrangements with respect to the children. The parties' agreement, memorialized by the state court by an order dated August 29, 1997 ("August 1997 Order"), provided that the Debtor's obligation to pay $259.00 per month for the childrens' attendance at Eagledale Christian School would terminate.

Ms. Kilgore filed the complaint that initiated this adversary proceeding on September 25, 1996. In the Complaint, Ms. Kilgore asserts that the $5,205.25 debt she is owed pursuant to the March 1997 Order ("Tuition Debt"), is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5).[1]

### The Creditor's Motion for Summary Judgment

■ Ms. Kilgore argues that the Tuition Debt is in the nature of support, and is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5). Section 523(a)(5) provides as follows:

---

1. In the Complaint, Ms. Kilgore also asserts that the debt she is owed in connection with the parties 1993 income tax liability ("Tax Debt"), is

non-dischargeable pursuant to 11 U.S.C. § 523(a)(15). That issue is not before the Court at this time.

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

. . . .

(5) to a spouse, former spouse, or child of the debtor, for ... support of such spouse or child. . . .

Certainly the award of the Tuition Debt in Section 4.2 of the Dissolution Decree appears on its face to be in the nature of child support. It is included in a section of the decree entitled "Child Support". It is intended to pay for the education of the children, a purpose that courts have typically found to be in the nature of support. *See, e.g., Draper v. Draper,* 790 F.2d 52 (8th Cir.1986)(finding the obligation to pay the childrens' private school tuition to be in the nature of support); *In re Harrell,* 754 F.2d 902 (11th Cir.1985)(finding the obligation to pay child's costs of attending college after age of majority to be in the nature of support, though state law would not have required the payment of such expenses); *In re Kaylo,* 183 B.R. 557 (Bankr.W.D.Ark.1995) (finding the obligation to pay the childrens' private school tuition to be in the nature of support); *In re Ozey,* 166 B.R. 169 (Bankr.N.D.Okla.1994)(finding the obligation to pay child's cost of attending college after age of majority to be in the nature of support, though state law would not have required payment of such expenses).

The Debtor argues that the Tuition Debt is *not* in the nature of support for two reasons. The Debtor first argues that pursuant to Indiana case law, tuition at a private (versus public) school is, by definition, not in the nature of support. In support of his argument, the Debtor cites *Rohn v. Thuma,* 408 N.E.2d 578 (Ind.App.1980), wherein the court discussed the appropriateness of requiring a father to pay for tuition at a private (as opposed to public) four-year college. The Debtor's reliance on *Rhon* is misplaced. In *Rohn,* the Indiana Court of Appeals addressed the appropriateness of ordering a father to pay tuition at a private college. The Indiana Court of Appeals did *not* address whether the order to pay tuition, once

made by an Indiana dissolution court, is in the nature of support.

The Debtor presents a second argument in support of his assertion that the Tuition Debt is not in the nature of support; he argues that the language of Section 4.2 of the Dissolution Decree *requires* this Court to consider the Debtor's financial circumstances in deciding whether the Tuition Debt is in the nature of support. He points to the third full sentence of Section 4.2, which provides that the Debtor "shall pay all reasonable college educational expenses ... in accordance with Indiana law and according to the financial ability of the [Debtor] to pay for such costs". Again, the Debtor's reliance is misplaced. The first sentence of Section 4.2 unambiguously requires the Debtor to pay for the children's attendance at Eagledale Christian School; that obligation is not qualified in any way by the remaining sentences of Section 4.2. The "financial ability" language in Section 4.2 modifies *only* the Debtor's responsibility to pay for his children's *college* expenses, and does not modify the Debtor's responsibility to pay for his children's attendance at Eagledale Christian School.

■ Underlying all the Debtor's arguments is the idea that this Court should judge whether the Debtor should have been required to pay for his childrens' attendance at Eagledale Christian School. The Debtor is making his argument to the wrong court. *See Draper v. Draper,* 790 F.2d 52 (8th Cir. 1986)("needs" test is irrelevant to determination of dischargeability in bankruptcy court); *In re Kaylo,* 183 B.R. 557 (Bankr.W.D.Ark. 1995) (bankruptcy court should not consider financial circumstances of debtor in dischargeability proceeding; issues of the appropriate amount of support are solely within the jurisdiction of the state court). As the Eleventh Circuit stated in *In re Harrell,* 754 F.2d 902 (11th Cir.1985),

The language used by Congress in [Section] 523(a)(5) requires bankruptcy courts to determine nothing more than whether the support label accurately reflects that the obligation at issue is 'actually in the nature of alimony, maintenance, or support.' The statutory language suggests a simple inquiry as to whether the obligation

can legitimately be characterized as support, that is, whether it is in the nature of support. The language does not suggest a precise inquiry into financial circumstances to determine precise levels of need or support; nor does the statutory language contemplate an ongoing assessment of need as circumstances change.

. . . .

Thus, limited to its proper role, the bankruptcy court will not duplicate the functions of state domestic relations courts, and its rulings will impinge on state domestic relations issues in the most limited manner possible.

*Harrell,* 754 F.2d at 906–907.

As part of the dissolution, the Debtor *agreed* to pay for the childrens' attendance at Eagledale Christian School. In March of 1997, the state court revisited the issue, and *ordered* the Debtor to pay what he had earlier agreed to pay. The court does not serve as a court of appeals for state courts addressing issues of child support. If the Debtor was dissatisfied with the state court's March 1997 Order, he should have appealed it through the state court appellate process. This Court must afford full faith and credit to the March 1997 Order, and cannot second-guess the state court's assessment of the Debtor's ability to pay the Tuition Debt.

For all the foregoing reasons, the Court finds that the Tuition Debt is in the nature of support, and is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5).

### The Debtor's Motion for Summary Judgment

■ In the Debtor's Motion for Summary Judgment, the Debtor makes the following argument:

1. Private elementary school educational debts are dischargeable in bankruptcy even if such debt is incurred as a form of child support if either the debtor is unable to pay the debt or the benefit to the debtor of discharge outweighs the detriment to the creditor of discharge.

In the summary portion of the Debtor's brief in support of Motion for Summary Judg-

ment, the Debtor asks for the following relief:

WHEREFORE, the Debtor requests the private elementary educational debt be declared dischargeable pursuant to Section 523(a)(15)(A) and that [his] Motion for Summary Judgment be granted.

On the face of the Debtor's Motion for Summary Judgment, it appears that the Debtor is arguing that the Tuition Debt is dischargeable pursuant to Section 523(a)(15). The Debtor's argument is misplaced. The introductory language of Section 523(a)(15) makes it clear that Section 523(a)(15) pertains *only* to debts that are in the nature of a property settlement, and does not pertain to debts that are in the nature of spousal support or child support. Section 523(a)(15) provides as follows:

(a) A discharge under section 727 . . . does not discharge an individual debtor from any debt—

. . . .

(15) *not of the kind described in paragraph (5)* that is incurred by the debtor in the course of a divorce or separation. . . .

(emphasis added) In light of the Court's holding set out hereinabove that the Tuition Debt is in the nature of child support, the Court can only conclude that the Debtor cannot use Section 523(a)(15) to obtain a judgment of dischargeability with respect to the Tuition Debt.

For all the foregoing reasons, it is the conclusion of the Court that the Tuition Debt is in the nature of child support.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment be, and hereby is, DENIED. It is further ORDERED that the Creditor's Motion for Summary Judgment be, and hereby is, GRANTED. The debt owed by the Debtor to Ms. Kilgore in the amount of $5,205.25, is hereby DECLARED to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(5), as being in the nature of child support.