In re Mary Regina EVANS, a/k/a Mary Regina Luppino, Debtor.

Glenn A. Luppino, Plaintiff,

v.

Mary Regina Evans, a/k/a Mary Regina Luppino, Defendant.

Bankruptcy No. 01–2–3765PM.
Adversary No. 01–1524–PM.

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

May 23, 2002.

Stephen A. Metz, Esquire, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., Rockville, MD, for Plaintiff.

Wade T. Heisig, Esquire, Arnold, MD, for Defendant.

Gary A. Rosen, Rockville, MD, Chapter 7 Trustee.

## *MEMORANDUM OF DECISION*

PAUL MANNES, Bankruptcy Judge.

Before the court is Plaintiff's motion for summary judgment and Defendant's opposition thereto. Plaintiff seeks to except from Defendant's discharge certain obligations arising from the parties' Separation Agreement that was incorporated into a Judgment of Absolute Divorce issued by the Circuit Court for Prince George's County, Maryland on November 19, 1998. At issue is Defendant's obligation to share equally in private school tuition costs for their two minor children, work-related day care expenses, uncovered medical expenses, and summer care expenses pursuant to 11 U.S.C. § 523(a)(5). Plaintiff also seeks a ruling that attorney fees incurred in connection with enforcing these obligations are likewise excepted from discharge. Defendant objects only to the nondischargeability of her obligation to share equally in the children's private school tuition and attorney fees. Based on the arguments presented, the pleadings and exhibits filed, and the record herein, the court will, for reasons stated below, grant summary judgment in favor of Plaintiff.

## BACKGROUND

The Plaintiff, Glenn A. Luppino, and the Defendant/Debtor, Mary Regina Evans, have two children, Gina Luppino born January 26, 1990, and David Luppino born February 11, 1992. They separated in March 1997. On August 18, 1997, the parties entered into a Separation and Property Settlement Agreement (Separation Agreement). The Separation Agreement was incorporated, but not merged, into the parties' Judgment of Absolute Divorce entered by the Circuit Court for Prince George's County, Maryland ("Circuit Court") on November 19, 1998.

The relevant provisions of the Separation Agreement are as follows:

### CUSTODY AND VISITATION

20. The parties acknowledge that the children are currently attending Clinton Christian School. The parties agree that they shall maintain the children in Clinton Christian School through the 12th grade.... The parties will equally share the tuition and related costs associated with private school....

### CHILD SUPPORT

24. The parties have a shared custody arrangement with both parties having in excess of One Hundred Twenty-eight (128) days with the child. The parties' income is comparable ... The parties agree that child support shall be set at zero ($0.00) and that neither shall pay child support to the other, as they have considered their respective assets, income, needs, and their children's needs and agree that each party shall be charged generally with the support of the children while the children are in their care. The amount of each party's income is adequate to support each of them and the minor children while they are in their respective care. Further-more, the parties agree to equally share the expense of all work-related daycare, uncovered medical expenses, private school expenses, and summer care expenses....

The decision to enroll the children in a private school was driven by the considered opinion of the parties as to the poor quality of the public schools. *See* Debtor's Memorandum in Support of Opposition to Motion for Summary Judgment on Count I of the Complaint, at p. 3 ("Defendant's Opposition").

Sometime during the 1999–2000 school year, Defendant began to experience financial difficulties. Plaintiff orally agreed to take on an increased financial burden and to pay the majority of the children's tuition in order to keep the children in school. This arrangement continued through the 2000—2001 school year.

On or about May 16, 2001, Defendant filed a petition in the Circuit Court seeking to modify the parties' Separation Agreement. *See* Exhibit 1, to Debtor's Opposition. In the petition for modification, Plaintiff requested primary custody of the children and asserted that changed circumstances existed sufficient to modify the Separation Agreement. The petition also states "[t]hat a dispute has likewise arisen with respect to contribution toward private school tuition and expenses for the minor children under the Agreement, regarding which Defendant [Plaintiff herein] has refused to pay his agreed upon share." *Id.* On or about November 26, 2001, Plaintiff filed an amended emergency motion in the Circuit Court to compel Defendant to abide by the terms of the Separation Agreement, specifically to share the expense of the children's private school tuition. There is no indication in the record that either matter has been resolved by the Circuit Court.

On November 13, 2001, Defendant filed this bankruptcy case under Chapter 7. Defendant listed Plaintiff's claim for the children's school tuition and attorney fees as a disputed debt. *See* Exhibit 5, to Plaintiff's Motion for Summary Judgment. Plaintiff filed this adversary proceeding seeking a ruling under 11 U.S.C. §§ 523(a)(5) and (15) that the above mentioned obligations are nondischargeable.[1] Defendant answered that the tuition as well as the associated attorney fees were not excepted from her discharge later entered on February 25, 2002. Plaintiff moved for summary judgment on Count I of the Complaint, asserting that as a matter of law the obligations are nondischargeable under § 523(a)(5).

## DISCUSSION

**11 USC § 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Gov-

ernment or to a State or any political subdivision of such State); or

(B) such debt includes liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

 This is another case illustrating the tension existing between two principles—the goal of the Bankruptcy Code to provide a fresh start to the honest debtor and the obligation, recognized under § 523(a)(5) of the Bankruptcy Code, to support one's spouse and children. Here, the issue presented is whether the private school tuition and related attorney fee obligations are excluded from Defendant's Chapter 7 discharge. The Bankruptcy Code does not define "alimony, maintenance, or support." *In re Grimes,* 46 B.R. 84, 86 (Bkrtcy.D.Md.1985). As is clear from case law, a determination of whether a debt is in the nature of alimony, maintenance, or support under § 523(a)(5) is a question of federal bankruptcy law and the intent of the parties at the time of the divorce decree. *Sylvester v. Sylvester,* 865 F.2d 1164, 1166 (C.A.10 1989); *In re Gatliff,* 266 B.R. 381, 387 (Bkrtcy.N.D.Ill. 2000); *In re Coffman,* 52 B.R. 667, 670 (Bkrtcy.D.Md.1985). To ascertain the intent of the parties, courts examine the circumstances surrounding the agreement at the time that they entered into it. *In re Gianakas,* 917 F.2d 759, 762 (C.A.3 1990); *In re Yeates,* 807 F.2d 874, 878 (C.A.10 1986).

 Defendant argues that there is a genuine dispute as to whether the parties intended to create a child support obligation when they agreed to share equally in the children's private school tuition and related expenses. In support, Defendant

---

1. Defendant agrees that the work-related day care expenses, uncovered medical expenses, and summer care expenses are not dischargeable.

points out that the obligation of Defendant to equally share the "tuition and related costs associated with private school" is not listed under the heading "Child Support," rather under the heading "Custody and Visitation" at ¶ 20, and that Child Support was to be set at $0.00. The court rejects this proposition. First, this court has held that in ascertaining intent, courts are not required to accept parties' labels and are to look beyond the labels. *See In re Grimes,* 46 B.R. 84, 86 (Bkrtcy.D.Md.1985) (*citing Melichar v. Ost,* 661 F.2d 300, 303 (C.A.4 1981); *In re Coil,* 680 F.2d 1170, 1171–72 (C.A.7 1982); *Stout v. Prussel,* 691 F.2d 859, 861 (C.A.9 1982); *Williams v. Williams,* 703 F.2d 1055, 1057–58 (C.A.8 1983); *Long v. Calhoun,* 715 F.2d 1103, 1109 (C.A.6 1983)); *see also In re Gatliff,* 266 B.R. 381, 388 (Bkrtcy.N.D.Ill.2000)(tuition reimbursement obligation nondischargeable despite not being placed under "Child Support" heading).

Second, even when considering the parties' labels, while Defendant's obligation to share equally in the children's private school tuition is fully set forth in ¶ 20 of "Custody and Visitation," the obligation is also reiterated in ¶ 24 of "Child Support" as a means to show consideration for the parties' agreement not to pay child support. The record allows one conclusion only that the reason the parties set child support at $0.00 was in recognition of their shared physical and legal custody of the children on comparable incomes (under the child support guidelines, Defendant would have been required to pay only $23.00 a week), and because of their corresponding agreement to share equally in the expenses of their children, including private school tuition.

The court must also reject Defendant's argument, espoused at the summary judgment hearing, that the obligation at issue is unreasonable. All circuits deciding this issue, but one—the Sixth Circuit in *In re Calhoun,* 715 F.2d 1103 (C.A.6 1983), have held that a court cannot look to evidence of present need or changed circumstances to determine reasonableness of an alimony, support, or maintenance award. *Forsdick v. Turgeon,* 812 F.2d 801 (C.A.2 1987); *In re Gianakas,* 917 F.2d 759, 763 (C.A.3 1990); *In re Swate,* 99 F.3d 1282, 1286 (C.A.5 1996); *Boyle v. Donovan,* 724 F.2d 681, 683 (C.A.8 1984); *Draper v. Draper,* 790 F.2d 52 (C.A.8 1986); *Sylvester v. Sylvester,* 865 F.2d 1164 (C.A.10 1989); *In re Harrell,* 754 F.2d 902 (C.A.11 1985); *In re Fritz,* 227 B.R. 700, 702 (Bkrtcy.S.D.Ind.1997); *In re Smith,* 114 B.R. 457, 463–64 (Bkrtcy.S.D.Miss. 1990); *In re Stone,* 79 B.R. 633, 639 (Bkrtcy.D.Md.1987); *see also In re Chedrick,* 98 B.R. 731 (W.D.Pa.1989).

As a leading treatise explains:

"In *In re Calhoun,* the Sixth Circuit stated that the inquiry must focus on whether the purpose and effect of the obligation at the time it was created was to provide for the daily needs of the former spouse and any children. The court also held that an additional consideration is the current abilities and needs of the parties. However, virtually all other courts have held that the current financial posture of the parties is not relevant."

COLLIER ON BANKRUPTCY, ¶ 523.11[6][b] (15TH ed.2001) (citations omitted).[2]

A requirement that a former spouse's present need for support or changed circumstances be analyzed in determining dischargeability finds no support in either

---

**2.** The Sixth Circuit retreated from its position in *Calhoun* holding that the "present needs" of the non-debtor spouse should not be considered when the obligation was intended as support. *In re Sorah,* 163 F.3d 397, 400 (C.A.6 1998).

the language or the legislative history of § 523(a)(5). *See In re Harrell,* 754 F.2d 902, 906–907 (C.A.11 1985). As that court states: "[t]he language used by Congress in § 523(a)(5) requires bankruptcy courts to determine nothing more than whether the support accurately reflects that the obligation at issue is 'actually in the nature of alimony, maintenance, or support.' " *Id.,* at 906. Further, Defendant's proposition that a court engage in this sort of inquiry and decide whether an obligation is reasonable presents a real concern to the integrity of the judicial system. Not only would this require federal courts to duplicate state court functions, but federal courts would be modifying state court judgments and embroiling themselves in areas traditionally reserved to state courts. The law recognizes a domestic relations exception to federal jurisdiction that permits federal courts to refrain from acting in matters pertaining to divorce, alimony, or child support claims. *Cole v. Cole,* 633 F.2d 1083, 1088 (C.A.4 1980); *Ankenbrandt v. Richards,* 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). This court will not consider Defendant's argument that she cannot afford to pay the instant obligation. If modification of the parties' agreement is necessary that matter must be addressed in the proper state forum, not in a federal court. *See In re Kaylo,* 183 B.R. 557, 559 (Bkrtcy.W.D.Ark.1995). The court is mindful that a modification motion has been filed.

▪ The court also rejects Defendant's argument that Plaintiff waived her rights to compel Defendant to share equally in the tuition, because Plaintiff agreed to take on the heavier financial burden in 1999. There is no contesting that the Separation Agreement, incorporated into the Divorce Decree, is the complete and full agreement and understanding of the parties of issues incident to the marriage rela-

tion. This being said, the parties at ¶ 65 agreed to the following:

> "[t]his Agreement contains the entire understanding between the parties. No modification or waiver of any of the terms of this Agreement shall be valid unless made in writing and signed by the parties."

Here, Plaintiff's agreement to pay more during the time that Defendant expressed financial hardship was not and could not be a waiver of Defendant's requirement to share equally in the children's private school tuition expenses. First, this was a temporary oral arrangement. Second, Plaintiff took on the added financial burden solely to keep the children in private school. There is nothing in the record to suggest otherwise.

The decision to find Defendant's obligation to share equally in the children's private school tuition nondischargeable under § 523(a)(5) is in accord with the majority of courts that have addressed this precise issue. *In re Gatliff,* 266 B.R. 381, 388–89 (Bkrtcy.N.D.Ill.2000); *In re Fritz,* 227 B.R. 700, 702 (Bkrtcy.S.D.Ind.1997); *In re Kaylo,* 183 B.R. 557, 560 (Bkrtcy. W.D.Ark.1995); *but see In re Sullivan,* 62 B.R. 465 (Bkrtcy.N.D.Miss.1986); *In re Motley,* 69 B.R. 406 (Bkrtcy.N.D.Ohio 1987). The Defendant urges this court to follow *In re Sullivan,* 62 B.R. 465 (Bkrtcy. N.D.Miss.1986). In *Sullivan,* the court held debtor's obligation to pay for private school tuition dischargeable in his bankruptcy case because the obligation was not a necessary expense, but a luxury. However, as stated above, this approach of addressing reasonableness of an obligation has been rejected by the majority of courts in this country, and as well by *In re Smith,* 114 B.R. 457, 463–65 (Bkrtcy.S.D.Miss. 1990), a bankruptcy court decision from the same state as *Sullivan:*

"This Court declines to review the 'reasonableness' of alimony and support obligations of the debtor and adopts the majority view, as stated above, that a federal bankruptcy court is not the proper forum in which to re-examine the parties' divorce arrangements."

*In re Smith,* 114 B.R. 457, 465 (Bkrtcy. S.D.Miss.1990). Further, Defendant herself admitted that the parties wanted their children to go to private school not merely because of a preference for a private school education, but due to their opinion of the poor quality of the available public schools:

"[N]or was the same the product of a preference that the children attend private rather than public schools. Rather, the decision to enroll the children in private school was driven only by the considered opinion of the parties as to the poor quality of the public schools as they then existed in Prince George's County."

*See* Defendant's Memorandum in Support of Opposition, at p. 3. The Defendant can not now change her intent. *See supra.*

■ The last issue to be addressed relates to attorneys fees. The parties' agreement contemplates the allowance of attorney fees. *See* Exh. 1, to Plaintiff's Motion for Summary Judgment, at ¶¶ 47, 70. The Fourth Circuit as well as the majority of bankruptcy courts hold that attorney fees arising from a divorce are in the nature of alimony, maintenance, and support. *See In re Adams,* 254 B.R. 857, 861 (D.Md.2000)(*citing In re Silansky,* 897 F.2d 743 (C.A.4 1990); *In re Daumit,* 25 B.R. 371, 373 (Bkrtcy.D.Md. 1982); *In re Spong,* 661 F.2d 6 (C.A.2 1981); *In re Sposa,* 31 B.R. 307, 310 (Bkrtcy.E.D.Va.1983); *In re Lang,* 11 B.R. 428, 430–31 (Bkrtcy.W.D.N.Y.1981); *In re French,* 9 B.R. 464, 468 (Bkrtcy. S.D.Cal.1981)). Accordingly, Plaintiff's fees incurred in connection with enforcing the obligations described above are likewise nondischargeable.

Rule 56 of the Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure ("FRBP"), provides that summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Shaw v. Stroud,* 13 F.3d 791, 798 (C.A.4 1994); *Rogosin, et al. v. Mayor and City Council of Baltimore,* 197 F.Supp.2d 345, 349–50 (D.Md.2002)(noting that the mere existence of some factual dispute is insufficient to defeat a motion for summary judgment; there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 243, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is taken as true and all justifiable inferences must be drawn in that party's favor. *See Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After viewing the facts of this case in the light most favorable to Defendant, the non-moving party, it is clear that Defendant offered no fact that can support a finding that Defendant's obligations to share equally in the expenses of private school tuition and related attorneys fees are anything but nondischargeable. The court will grant Plaintiff's motion for summary judgment.

An appropriate order will be entered.