In re James H. WILLIAMS, Debtor.

James H. Williams, Plaintiff,

v.

Sacramento County Department of Child Support Services, Defendant.

Bankruptcy No. 4:02–bk–16377 E.
Adversary No. 4:02–ap–1254.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

July 9, 2003.

Robert E. Irwin, Irwin Law Firm, Russellville, AR, for James H. Williams.

Jonathan P. Burris, Sacramento County Dept. of Child Support, Sacramento, CA, for Sacremento County Family Support Bureau, aka Sacramento County Dept. of Child Support Services.

### *ORDER GRANTING MOTION TO DISMISS COMPLAINT*

AUDREY R. EVANS, Chief Judge.

Defendant's motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Bankruptcy Procedure 7012(b)(6), and the Debtor's response, are before the Court. No application has been made for a hearing in this matter.

On September 13, 2002, the Plaintiff and Debtor, James H. Williams (the **"Debtor"**), filed the complaint in this matter against Defendant, Sacramento County Department of Child Support Services (the **"Defendant"**) to determine the dischargeability of certain debts owed Defendant. The Defendant moves to dismiss the complaint on the grounds that the Debtor has failed to state a claim upon which relief may be granted. Specifically, the Defendant argues that Debtor has failed to state a claim because the debt he seeks to have declared dischargeable is a debt for child support, and child support obligations are non-dischargeable pursuant to 11 U.S.C. § 523(a)(5).

In 1977, the Debtor was ordered to make child support payments as a result of a Divorce Decree entered in a Sacramento County, California court of record (the **"California Court Order"**). That debt was subsequently assigned to the Defendant who registered the order in the Chancery Court of Pope County, Arkansas in November 1994, pursuant to Ark.Code Ann. § 9–17–605 *et seq.* At that time, the Defendant calculated the child support arrearage at $158,635.23. Contempt pro-

ceedings against Defendant followed, and in March 1995, an agreed order signed by Debtor and the Arkansas Office of Child Support Enforcement was entered which found that the amount subject to being collected under the applicable statute of limitations was $73,667.74 (the **"Arkansas Court Order"**). Debtor alleges that any obligation he owed to Defendant was transferred to the Arkansas Child Support Enforcement Unit due to the entry of the Arkansas Court Order, and therefore seeks to have any debt owed to the Defendant declared dischargeable.

Section 523(a)(5) excepts from discharge child support obligations. In determining whether a debt is non-dischargeable under § 523(a)(5), a bankruptcy court decides nothing more than whether the obligation is in the nature of child support. *See Draper v. Draper*, 790 F.2d 52 (8th Cir. 1986) (*citing In re Harrell*, 754 F.2d 902, 906 (11th Cir.1985)). The Debtor concedes that the debt he seeks to have declared non-dischargeable is a child support obligation, but seeks to have the amount of that obligation determined by the Court. Debtor's response to Defendant's Motion to Dismiss states:

> 5. That the Plaintiff agrees that child support is non-dischargeable, but maintains that the child support debt is the judgment the Defendant obtained in the Arkansas Court pursuant to its request.
>
> 6. ... The Plaintiff believes that the child support debt he owes is the judgment obtained by the Defendant in the State Court of Arkansas.

Because there is no dispute that the debt arising from the California Court Order is a debt for child support, the Court finds that the Debtor has not stated facts upon which relief may be granted, and the Defendant's Motion to Dismiss must be granted. Furthermore, this Court is without jurisdiction to determine the amount of

the Debtor's child support obligation; such a determination would constitute an advisory opinion. *See In re Harrell,* 754 F.2d at 907 ("The parties do not agree on the amount of debtor's arrearage. We decide here only that debtor's obligation is not dischargeable in bankruptcy. The precise terms under which debtor's obligation can be enforced must be determined by the appropriate state court, if necessary."). *See also In re Ward,* 188 B.R. 1002, 1006–1007 (Bankr.Ala.1995). Accordingly, if Debtor seeks a determination that the Arkansas Court Order modified the California Court Order, he must pursue that relief in State Court. It is hereby

**ORDERED** that the Defendant's motion to dismiss complaint is **GRANTED.**

**IT IS SO ORDERED.**