In re Julie ZUCCARELL, fka Julie Nofziger, Debtor.

Neil NOFZIGER, Plaintiff,

v.

Julie ZUCCARELL, fka Julie Nofziger, Defendant.

Bankruptcy No. 94–3049.
Related No. 93–33558.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

March 16, 1995.

James E. Hitchcock, Defiance, OH, for plaintiff.

Michael O'Donnell, Toledo, OH, for defendant.

### *MEMORANDUM OPINION AND DECISION*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Defendant's Motion to Dismiss and Motion for Summary Judgment; and upon Plaintiff's Memoranda in Opposition. This Court has reviewed the arguments of counsel, exhibits as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that Defendant's Motion for Summary Judgment is well taken and shall be Granted.

### *FACTS*

Plaintiff and Defendant/Debtor were divorced on June 5, 1991. The Final Judgment Entry provided that Plaintiff was to pay

**44**

Defendant spousal support of Fifty-three and 35/100 Dollars ($53.35) per week for 117 weeks. The Judgment Entry also provided that Plaintiff would be solely responsible for the joint debts of the marriage to the creditors, and that Defendant would be indebted to the Plaintiff for an amount equal to half of these debts. However, the Entry also provided that Defendant would not be responsible for paying Plaintiff for these debts for 117 weeks. Upon the first day of the month following the 118th week following the Judgment Entry, the Defendant was to begin paying Plaintiff Seventy-five Dollars ($75.00) per month.

On December 22, 1993, Defendant filed for Chapter 7 Bankruptcy relief with this Court, listing her debt to Plaintiff in her schedules. Plaintiff filed a Complaint objecting to the discharge of this debt, thereby initiating this adversarial proceeding. Plaintiff claims that this debt should be considered in the nature of spousal support or alimony under § 523(a)(5) of the Bankruptcy Code. Defendant has filed Motions to Dismiss and for Summary Judgment, which are the subject of this Opinion.

### LAW

Section 523 of the Bankruptcy Code reads in pertinent part:

**11 U.S.C. § 523. Exceptions to discharge**

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a government unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

### DISCUSSION

Determinations as to the dischargeability of debts are core proceedings under 11 U.S.C. 157(b)(2)(I). Thus, this case is a core proceeding.

Plaintiff argues that Defendant/Debtor's obligation under their separation agreement to repay Plaintiff an amount equal to half the joint debts of their marriage should be determined non-dischargeable spousal support by this Court. The analytical framework for determining when obligations are actually in the nature of alimony, maintenance or support was provided by the Sixth Circuit in *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983), and succinctly restated by the Court in *In re Fitzgerald*, 9 F.3d 517 (6th Cir.1993). The four step analysis provides that:

First, the obligation constitutes support only if the state court or parties intended to create a support obligation. Second, the obligation must have the actual effect of providing necessary support. Third, if the first two conditions are satisfied, the court must determine if the obligation is so excessive as to be unreasonable under traditional concepts of support. Fourth, if the amount is unreasonable, the obligation is dischargeable to the extent necessary to serve the purposes of federal bankruptcy law. 715 F.2d at 1109–10. The burden of demonstrating that an obligation is in the nature of support is on the non-debtor. 715 F.2d at 1111.

*Fitzgerald* at 520.

When making a determination under *Calhoun*, the Court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation. *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir. 1984) citing *In re Maitlen*, 658 F.2d 466 (7th Cir.1981). Irrespective of how it is labeled, a court may presume that a so-called property settlement is intended for support when the circumstances of the case indicate that the recipient spouse needs support. *In re Singer*, 787 F.2d 1033 (6th Cir.1986) citing *Shaver*. Typically, a property settlement is not affected by a change in the personal circum-

stances of the recipient spouse. *In the Matter of Albin,* 591 F.2d 94 (9th Cir.1979).

 In the case at bar, it is obvious that the payments to be made to the Plaintiff by the Debtor were not intended as support for the Plaintiff. Indeed, it was the Plaintiff who was obligated to pay the Debtor spousal support for the first 117 weeks after their divorce. Further, the arrangement that Plaintiff would assume the responsibility for the marriage debts, and not receive reimbursement from the Debtor for two years, also shows the parties' concern for the Debtor's financial situation, not Plaintiff's. Plaintiff's contention that he now needs the money is irrelevant. Thus, Plaintiff's complaint fails under the simple application of the *Calhoun* test.

However, this is not Plaintiff's equity argument. Plaintiff's argument seems to presuppose that his obligation to pay the marriage debts for the first two years would be found non-dischargeable as spousal support. Thus, Plaintiff argues that Debtor's obligation to repay him should likewise found to be in the nature of support, and Defendant should be estopped from discharging this debt. That is, because this arrangement was made for the benefit of Defendant, and Plaintiff's payments of debts amounted to non-dischargeable support for Defendant, it would be unfair to allow Defendant to discharge her obligation under this arrangement in contravention of the intention of the parties. Plaintiff is unable to cite any case law in support of this position.

This Court is not persuaded by Plaintiff's argument. There has been no inequity in this case. The purpose of a bankruptcy discharge is to allow financial relief to the Debtor, except for certain debts of which Congress has determined the repayment to be more important than the Debtor's relief. There has been no determination that the joint debts in the present case were non-dischargeable. Thus, had the debts not been assumed by the Plaintiff under the separation agreement, Debtor could still have had them discharged in bankruptcy, and Plaintiff would still be jointly liable. Thus, the existence of the payment arrangement does not alter the availability of Debtor's bankruptcy relief, and works no inequity upon the Plaintiff. Plaintiff's argument in equity could similarly be made as to any property settlement, but courts routinely hold, as noted above, that property settlements are dischargeable obligations.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Defendant's Motion for Motion for Summary Judgment be, and is hereby, *GRANTED.*