In re Paul E. HENRY, Debtor.

Candice M. Henry, Plaintiff,

v.

Paul E. Henry, Defendant.

Bankruptcy No. 99–30672.
Adversary No. 99–7044.

United States Bankruptcy Court,
D. North Dakota.

Oct. 4, 1999.

See also 581 N.W.2d 921.

Ward K. Johnson, III, Grand Forks, ND, for Debtor.

Kip M. Kaler, Fargo, ND, trustee.

### MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

This adversary proceeding was commenced by Complaint filed May 28, 1999, by which the Plaintiff, Candice M. Henry (Candice), sought determination that a judgment entered by the North Dakota state district court subsequent to her divorce decree be regarded as nondischargeable support under section 523(a)(5) of the United States Bankruptcy Code. The Defendant, Paul E. Henry (Paul), answering and by way of counterclaim, raised further challenge to an accrued child support arrearage, asserting that it is either not "in the nature of" child support or that it is inherently unreasonable and therefore dischargeable.

Trial was held on September 30, 1999. The Plaintiff, for reasons unknown, did not appear and did not present any evidence. Upon motion by the Defendant her complaint was dismissed. Thus, the only matter remaining for resolution is the issue raised by the counterclaim. From the evidence presented, the Court makes the following findings of fact:

### Findings of Fact

The parties were married on April 21, 1995, and of that marriage was born one child, Mitchell Jay Henry, born February 13, 1995. Paul had a daughter by a previous marriage and is paying child support to the State of Montana in the sum of $300 per month, in addition to his obligation to Candice. His marriage to Candice was extremely rocky, fraught with discord from the very beginning. Their difficulties eventually led to divorce on September 30, 1997. As relevant to these proceedings, Candice was awarded custody of their child, Mitchell, and Paul was directed to pay child support. He was directed to pay the sum of $586.00 per month with $236.00 of this amount accruing as arrearages during the time he attended law school. This amount was based upon the state court finding he had the ability to earn a monthly net income of $3,600.00 and was only temporarily underemployed while he attended school. The issue of child support and the appropriateness of the trial court's determination was appealed to the North Dakota Supreme Court. By decision issued July 16, 1998, the Supreme Court found no error in the trial court's determination, concluding that Paul's income had been temporarily and voluntarily reduced below his capacity while he attended law school. The Court affirmed the award of $586.00 monthly in child support, with $236.00 monthly accumulating in arrears while he attended school. *Henry v. Henry*, 581 N.W.2d 921 (N.D.1998).

Paul filed for relief under Chapter 7 of the United States Bankruptcy Code on April 14, 1999, and presently seeks to discharge the accrued but unpaid child sup-

port of $236.00 per month now totaling $4,540.00 in the aggregate. He remains a law student and in 1998 earned $8,000.00. He is obligated on a monthly basis for child support to Montana as well as the $350.00 due on a current basis each month to Candice.

No evidence was presented as to the child support needs or the intent of the state court in making the award it did. The only evidence bearing upon these questions is the decree itself which, in exquisite detail, goes into the difficulties leading up to the divorce, Paul's ongoing fight over the Montana award, the respective life style of the parties, and income potential of both parties. The North Dakota Supreme Court found no error in the trial court's findings.

### Conclusions of Law

Section 523(a)(5) excepts from discharge any debt owed to a former spouse or child of the debtor for alimony to, maintenance for, or support of such spouse when awarded in connection with a divorce decree or other order of a court of record if the obligation is actually in the nature of alimony, maintenance, or support. 11 U.S.C. § 523(a)(5).

At trial, Paul's counsel conceded the award at issue is child support but because it is only accruing and not presently due, it is not really "support" and even if it is, it is unreasonable. He posits that the bankruptcy court has the authority to second guess the divorce court on issues of reasonableness even as to awards that quite clearly constitute support.

 It is settled law both in this district as well as within the Eighth Circuit, that the issue of whether an award constitutes support is a matter of federal law determined by the substance of the liability rather than how it is characterized in the decree. It is an issue best resolved by looking to the function the award was intended to serve. *In re Tatge*, 212 B.R. 604

(8th Cir. BAP 1997); *In re Beach*, 220 B.R. 651 (Bankr.D.N.D.1998); *In re Kubik*, 215 B.R. 595 (Bankr.D.N.D.1997); *In re Sateren*, 183 B.R. 576 (Bankr.D.N.D. 1995).

As there is no dispute over the fact that the award to Candice was child support, Paul urges the Court to take a further step in its analysis and consider how much of the support is so excessive as to be unreasonable under traditional concepts of support. In his view, the accrued but unpaid arrearage of $4,540.00 is unreasonable. Finally, if it is unreasonable as he argues, then it should be dischargeable.

As a basis for his argument, Paul cites to the case of *In re Zuccarell*, 181 B.R. 42 (Bankr.N.D.Ohio 1995), a case which, in part, provides that the bankruptcy court in devining the intent of an award ought to look beyond the language of the decree and consider the substance of the obligation. This, of course, is the generally accepted analysis as referenced above. *Zuccarell* goes further and suggests that the bankruptcy court also consider whether the support obligation is excessive or unreasonable. This approach found its genesis in the early Sixth Circuit case of *In re Calhoun*, 715 F.2d 1103 (6th Cir. 1983)[1], but has fallen into disfavor in most circuits including our own. *See Draper v. Draper*, 790 F.2d 52 (8th Cir.1986); *In re Gianakas*, 917 F.2d 759 (3rd Cir.1990); *Sylvester v. Sylvester*, 865 F.2d 1164 (10th Cir.1989); *Forsdick v. Turgeon*, 812 F.2d 801 (2nd Cir.1987); *In re Harrell*, 754 F.2d 902 (11th Cir.1985). The rationale of the *Calhoun* case is unpersuasive. As explained by the court in *Forsdick v. Turgeon, supra,*

> An inquiry of the sort urged by the husband would put federal courts in the position of modifying the matrimonial decrees of state courts, thus interfering with the delicate state systems for dealing with the dissolution of marriages and

---

1. *See In re Luman*, 238 B.R. 697 (Bankr. N.D.Ohio 1999) for an exhaustive analysis of

the "Calhoun test," as it has come to be called.

the difficult and complex results that flow therefrom. (citations omitted). State-crafted family law mechanisms should not be disturbed by federal court intervention unless there is an unmistakable mandate from Congress to do so in order to achieve a valid federal objective.

*Forsdick v. Turgeon,* 812 F.2d at 803–04.

In our own circuit the bankruptcy court for the Western District of Arkansas, commenting upon the *Calhoun* approach, said that while the reasonableness of the amount of support may be a factor in districts of the Sixth Circuit, it is not a factor in the Eighth Circuit. *In re Kaylo,* 183 B.R. 557 at 559 (Bankr.W.D.Ark.1995). This Court agrees.

From the face of the state court's findings of fact, conclusions of law and order for judgment as well as the North Dakota Supreme Court's decision on appeal, there is no question but what the intent was to provide support for the parties' minor child. This Court will not make any determination that such obligation was manifestly unreasonable or excessive. Such a determination is wholly and exclusively within the purview of the state court's jurisdiction.

For the foregoing reasons, the Plaintiff, Candice M. Henry's Complaint is **dismissed.** The Defendant, Paul E. Henry's counterclaim is **dismissed** with the Court specifically concluding that the child support award, including the accumulated arrearage of $4,540.00 is in the nature of support within the meaning of section 523(a)(5) and is not dischargeable under the Bankruptcy Code.

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**