**In re Raymond P. MOTLEY, Debtor.**

**Dorothy V. WALTON, Dorothy Motley, Plaintiffs,**

v.

**Raymond P. MOTLEY, Defendant.**

**Bankruptcy No. B86–02073.
Adv. No. B86–0392.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

Jan. 20, 1987.

---

Philip A. Mesi, Cleveland, Ohio, for Dorothy V. Walton & Dorothy Motley.

Melvin Banchek, Cleveland, Ohio, for Raymond P. Motley.

## MEMORANDUM AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

This matter is before the Court on the complaint of Dorothy V. Walton and Dorothy Motley to determine dischargeability of a debt under Section 523(a)(5) of the United States Bankruptcy Code and the answer of Debtor, Raymond P. Motley. 11 U.S.C. § 523. After pretrial, the parties agreed to submit the proceeding on the pleadings, exhibits and briefs. On January 16, 1987, counsel confirmed the parties' intent to have the Court render its decision on the documentation filed as of that date.

On consideration of all relevant data, the Court finds:

1. On July 7, 1986, Debtor filed his petition under Chapter 7 of the United States Bankruptcy Code.

2. Plaintiff, Dorothy Motley, is the former wife of Defendant, Raymond P. Motley, and Dorothy V. Walton is the grandmother of Motleys' daughter.

3. On October 4, 1984, the Motleys' marriage was terminated by the Common Pleas Court of Cuyahoga County, Ohio. The divorce decree attached to Defendant's brief as Exhibit "A" provides alimony for Dorothy Motley and $55 weekly child support plus reasonable medical and dental expenses for the couple's daughter.

4. Debtor and Plaintiff, Motley, co-signed three contracts to enroll their daughter in private school. The contracts were signed on April 28, 1982 for the 1982–83 school year, April 14, 1983 for 1983–84 and March 15, 1984 for 1984–85. (Complaint Exhibit A). All were signed prior to debtor's filing bankruptcy. The Motleys were to share the tuition payment equally which Defendant failed to do. It is further alleged that Plaintiff, Walton, borrowed money to pay Defendant's share of her granddaughter's tuition.

5. On January 10, 1986, Plaintiffs obtained a $5,952.50 judgment against Defendant in Cleveland Municipal Court which states,

"Case called. Parties in Court. Case submitted to the Court on the record and on the briefs. Judgment for the new party plaintiff, Dorothy V. Walton and against the defendant in the amount of $5,952.50 plus interest at 7.5% from December 29, 1982 plus cost."

Although there is no indication that Plaintiff, Motley, obtained judgment against Defendant, this fact was admitted by answer.

6. Plaintiffs predicate their allegation of non-dischargeability on the January 10, 1986 judgment asserting,

"It is Plaintiffs' position in this case that the judgment represents unpaid child support that Defendant-Debtor owes to the Plaintiff due to his previous default in payment." (Plaintiffs' Brief, page 1).

Plaintiffs have failed, however, to establish the basis and character of this judgment, and that it represents Debtor's liability for Plaintiffs' payment of the child's tuition, although this fact is admitted in Defendant's brief.

Section 523(a) states that a debtor is not discharged from any debt:

"(5) *to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child,* in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social

Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, *unless such liability is actually in the nature of alimony, maintenance, or support . . .*"

11 U.S.C. § 523(a)(5)

 Pursuant to the language of Section 523(a)(5), it must be determined whether Debtor's liability under the January 10, 1986 judgment is "actually in the nature of alimony, maintenance, or support". The primary concern is whether the Municipal Court intended to create an obligation to provide support. *Long v. Calhoun*, 715 F.2d 1103 (6th Cir.1983). Plaintiffs failed to satisfy this requirement. No documentation was submitted to support the assertion that the Municipal Court proceeding involved consideration of an award for support. It appears that the court merely determined that Defendant was indebted to Plaintiffs for $5,952.50. Moreover, the Common Pleas Court had previously considered the Debtor's marital and familial obligations and issued its divorce decree accordingly. This order specifically provides for alimony and child support with no mention of Defendant's obligations under the tuition contracts.

Plaintiff, Dorothy Motley, honored her contractual obligation for the daughter's tuition. Co-Plaintiff, Dorothy V. Walton, most admirably borrowed money and voluntarily paid the balance of her granddaughter's tuition upon which the Debtor defaulted. No evidence is presented, however, that Defendant's debt to Plaintiffs set forth in the January 10, 1986 judgment is "in the nature of alimony, maintenance, or support". Consequently, Defendant's debt to Plaintiffs is dischargeable under Section 523(a)(5), and the relief sought is denied.

 Defendant requests an award of fees under Section 523(d). 11 U.S.C. § 523(d). This section provides for such award when a creditor's challenge of discharge of a debt under Section 523(a)(2),

based on fraud, is not substantially justified. Section 523(d), however, is inapplicable to proceedings under subsection 523(a)(5). Moreover, special circumstances do not exist herein to justify an award of fees. Defendant's request is, therefore, denied.

Having determined this matter as set forth above, the additional issues raised by counsel are moot and need not be addressed.