In re Robert E. PETROSKY, Debtor.

Nancy A. Petrosky, Plaintiff,

v.

Robert E. Petrosky, Defendant

Bankruptcy No. 9:04–bk–21668–ALP.

Adversary No. 9:05–ap–0045–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

June 3, 2005.

Leonard L. Liszewski, Ft. Myers, FL, for Debtor.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION (Doc. No. 1)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 7 Case of Robert E. Petrosky (Debtor) is a claim of non-dischargeability asserted by Nancy A. Petrosky, the former

spouse of the Debtor. The basis of her claim, as pled in her Complaint, is that on August 5, 2003 the Connecticut Superior Court awarded her the amount of $59,464.26 and ordered a garnishment of the Debtor's UTC pension. In addition, she contended in her Complaint that she also obtained a Qualified Domestic Relations Order (QDRO) from the Connecticut Superior Court on March 16, 2004, which directed the Debtor to pay to her $302 per month. Although there is an allegation in the body of the Complaint that her claim is based on Section 523(a)(5) of the Bankruptcy Code, there is no specific allegation that the obligation imposed on the Debtor by the Superior Court was in the nature of support and, therefore, will be non-dischargeable. The legal sufficiency of the Complaint was never challenged, so it is without serious dispute that both sides proceeded on the assumption that her claim is based on the contention that the award by the Connecticut Superior Court is in the nature of support and, therefore, is non-dischargeable.

The facts relevant to the character of the liability imposed on the Debtor by the Connecticut Superior Court as established at the final evidentiary hearing through the testimony of the parties and by the documentary evidence offered and admitted into evidence can be summarized as follows. The Debtor and Ms. Nancy Petrosky (Ms. Petrosky) were married on September 8, 1989 in Torrington, Connecticut. Ms. Petrosky has two children from a previous marriage Daniel and Kristy, ages 27 and 24 respectively. Both children attended private schools on the secondary and college level and now have completed their education having graduated recently. In order to finance the education of the children the couple applied for and obtained several student loans. On April 19, 1999, Ms. Petrosky filed for divorce in the Connecticut Superior Court

at Litchfield, Connecticut. On June 19, 2000, the Superior Court issued its Memorandum of Decision. (Plaintiff's Ex. No. 4). In its Memorandum of Decision the Superior Court made extensive findings and entered its Judgment (Plaintiff's Ex. No.1) dissolving the marriage of the parties. The Superior Court, in Paragraph 6 of the Judgment, ordered that the Debtor shall be responsible for one-half of the remaining educational loans for both children. The Judgment further provided that Ms. Petrosky shall provide the Debtor with verifications of the current balances due as of the date of the Judgment and, within 30 days from the receipt of the verification, the Debtor shall pay one-half of the amount due by certified check and furnish a proof of payment to Ms. Petrosky. The Judgment awarded to Ms. Petrosky $1.00 per year as periodic alimony until all debts of the Debtor have been paid. On August 4, 2003 the Superior Court entered an Order determining that the balance due by the Debtor for his share of the educational loans for the children is $59,464.26. The Superior Court also ordered a garnishment of the Debtor's monthly UTC pension (Plaintiff's Ex. No.2). On March 16, 2004, the Superior Court issued a Qualified Domestic Relations Order, (QDRO) (Plaintiff's.Ex.No.3), pursuant to Section 414(p) and Section 206(d)(3) of the Employee Retirement Income Security Act of 1974 (ERISA). The Order required the Debtor to pay to Ms. Petrosky $302.00 per month for the period of 196 months.

On November 8, 2004, the Debtor filed his Petition for Relief under Chapter 7. On January 27, 2005 Ms. Petrosky filed her Complaint seeking a determination that the debt owed by the Debtor in the amount of $59,464.26 based on the August 5, 2003 Order of the Superior Court is within the exception to discharge pursuant

to Section 523(a)(5) of the Bankruptcy Code.

■ Although this Court's jurisdiction to determine the dischargeability of domestic obligations of a debtor is concurrent with Domestic Relations court which dissolved the marriage, in the present instance the issue is presented for this Court's consideration. This determination must be made by the relevant part of the record established in the divorce court as supplemented by the testimony of the parties.

■ It is clear and without dispute that the debt under consideration is based on loans obtained by the parties for the education of the children. Although now both Daniel and Kristy have finished their education, the debts were incurred while they were in school. There is a long line of cases dealing with the dischargeability vel non of student loans claimed to be dischargeable by the student, however, in the present instance the claim is by the parent who obtained the loan for the education of the children contending that the debt is in the nature of support and, thus, nondischargeable under Section 523(a)(5) and not under Sec 523(a)(8) of the Code.

■ The legal character of educational loans obtained by parents for the post-high school education of the children has been considered by several courts in the past. The holdings of these courts are inconsistent, but the majority of courts have held that payments for a child's school tuition are in the nature of support. *In re Evans,* 278 B.R. 407, 411 (Bankr.D.Md.2002). It is also clear that the determination that a debt is in the nature of support or alimony is a matter of federal bankruptcy law and not state law. *In re Gatliff,* 266 B.R. 381, 387 (Bankr.N.D.Ill.2000).

■ In *Gatliff,* the debtor's former spouse sought to determine the discharge-ability of certain debts owed to her that arose from their divorce decree. The debts were for attorneys' fees and school tuition for their children. The Bankruptcy Court for the Northern District of Illinois first applied a test of several factors to determine whether or not these debts were in the nature of support. The factors are: 1) whether the payments terminate on death or remarriage of either spouse, 2) whether the debt is payable in a lump sum or spread over time, 3) whether the payments are meant to balance the parties' income, 4) the characterization of the debt in the decree, 5) placement of obligation in the decree, 6) whether there is a separate mention of support payments in the agreement, and 7) whether there are any children that need support. The court held that despite the debtor's preference that the children not attend a private school, the payment was agreed to in the decree and, therefore, the debtor was bound by it.

■ Moreover, It has been generally recognized that payment in the nature of support need not be made directly to the spouse or to a dependent of the debtor to be within the exception of Section 523(a)(5) of the Code. *In re Bedingfield,* 42 B.R. 641 (D.C.Ga.); *In re Boyd–Leopard,* 40 B.R. 651, (Bankr.D.S.C.1984). In the case of *Boyle v. Donovan,* 724 F.2d 681, (8th Cir. 1984) the court held that the fact that under Arkansas law the debtor had no duty to pay for his sons' education did not preclude the debtor and his ex-wife from entering into a college expense agreement for their sons and that such obligation of the debtor was intended to provide for the economic safety of the sons during their college years, thus, it was in the nature of non-dischargeable support.

The 11th Circuit Court of Appeals commented on the character of tuition payments as support in *In re Harrell,* 754

F.2d 902 (11th Cir.1985). In *Harrell*, the debtor agreed to pay for his son's educational expenses and to assume some joint debts, but fell into arrears and filed for Chapter 7. He sought the discharge of any payment for his son after the age of 18 arguing that the state law took these payments out of the nature of support. The court held that, since this issue is not affected by state law, the payments made past the age of majority were still in the nature of support as a result of the character of the agreement.

A similar holding can be found in *In re Fritz*, 227 B.R. 700 (Bankr.S.D.Ind.1997). In that case, a Chapter 7 debtor's ex-wife brought an adversary proceeding to except certain debts from discharge including tuition for a private school for the children. The court held that the obligation to pay tuition for the children was in the nature of support under the agreement because that provision fell under the heading "child support" as it was clearly written in their divorce agreement.

Conversely, the court in *In re Motley*, 69 B.R. 406 (Bankr.N.D.Ohio 1987), held that payments toward private school education were not in the nature of alimony or support. In that case the decree provided for child support payments of $55 per week. The parties had entered into a separate agreement to share the cost of the private school. The court found there was no documentation that the payment for the school was in any way connected to the support obligations and, thus, the debt was dischargeable under the plain language of Section 523(a)(5).

Based on the foregoing authority, this Court is satisfied that the award to Ms. Nancy Petrosky granted on August 5, 2003 in the amount of $59,464.26 and especially the QDRO entered on March 16, 2004 represent support obligations and, therefore, are within the exceptive provision of the discharge of the Bankruptcy Code by virtue of Section 523(a)(5).